## 65030. BRYANT v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of motor vehicle theft. The state's evidence showed that local law enforcement agents were advised by an FBI agent named Harold Poe that the defendant intended to steal a truck from Carpet Center Leasing Company on the night of October 22, 1981. Acting on this information, the agents instituted a "stake-out" which resulted in the defendant's arrest. The defendant, who was driving the truck when arrested, testified that he was merely assisting a friend named Tommy Masters, who had told him that the owner wanted the vehicle delivered to Calhoun for repairs. He stated that when police pulled him over, Masters, who was following in an automobile, simply continued on down the road. *Held:*

1. The defendant contends that the trial court erred in refusing to grant a continuance to enable a subpoena for Masters to be served. In support of his motion, counsel made the following showing regarding his need for Masters' testimony: "I'll put on the record that I at least want a chance to interview Mr. Masters and see if the information I have concerning his involvement in this case is accurate and true, and I'm sure he would be a hostile witness if I used him; but I'm asking for the opportunity to interrogate him. I've done everything I can. I can't do the Sheriff's Department's job for them."

No abuse of discretion is shown in the denial of a motion for continuance in the absence of a showing that the witness can be procured at the next term of court and a statement of the facts expected to be proved by the witness. See *Messer v. State,* 147 Ga. App. 538 (1) (249 SE2d 344) (1978); Code Ann. § 81-1410. The showing made by the defendant in this case met neither of these requirements, and consequently the trial court was not required to grant the continuance. In any event, it appears from the transcript that the witness was located prior to the end of the trial and that the

defendant declined an opportunity to reopen his case to examine him. This must be considered a waiver of the alleged error. Accord *Curtis v. State,* 48 Ga. App. 135, 137 (2) (172 SE 99) (1933).

2. The court did not err in excluding the testimony of Masters' girl friend concerning statements allegedly made by Masters in her presence, as this testimony was clearly hearsay and was not admissible under any recognized exception to the hearsay rule.

3. The defendant moved for a mistrial in response to the following portion of the state's closing argument contending that it implied an intention on his part to kill the informant who had supplied the initial tip to the FBI in the event he learned the informant's name. "I state to you right now that I do not know the source of Harold Poe's information. As a prosecutor, that information is never disclosed to me. I state to you that the law enforcement officers told you the truth when they said that they did not know the source of Harold Poe's information. The law provides that information protection for obvious reasons. If you kill the source of information, the information stops. That's why the protection is there." The defendant again moved for a mistrial in response to the following argument, contending that the prosecutor placed his character in issue by implying that he had committed other thefts in the past: "The defense attorney says that this case smells. Sometimes there are certain defendants who are so smart and so cunning that there is only one way to apprehend them, and that's through the use of an informant, and I'm saying, assuming that Harold Poe had informant information. And I submit to you that that's the only way to catch thieves like Bobby Bryant. I know of no other way, when you're confronting such defendants." In both instances, the trial court overruled the motion without giving any curative instructions to the jury.

We agree that in both of these instances the state's attorney strongly implied the existence of facts which were both prejudicial and not warranted by the evidence, viz, that the defendant intended to kill the FBI informant if he learned the informant's name and that, prior to his arrest for the offense for which he was on trial, the police had knowledge that he was a certain type of thief. "[W]here a state's attorney has through argument used improper language, highly inflammatory in character [that] would likely prejudice the jury against the defendant, where same was not warranted by the evidence, and a motion for mistrial is made, the trial court must either grant the motion or issue corrective instructions in ruling the testimony out. [Cits.]" *Hamilton v. State,* 155 Ga. App. 799, 800 (272 SE2d 763) (1980). The trial court's failure to give corrective instructions must accordingly be considered reversible error. The

cases cited by the state do not require a contrary holding. In *Philmore v. State,* 142 Ga. App. 507 (4) (236 SE2d 180) (1977), the district attorney did not imply in his argument that if an informant's identity were revealed, the defendant would kill him. Rather, in response to defendant's request of a state undercover agent to reveal where she was staying, the state merely requested that the agent " 'not be required to disclose the present location of a motel here in this County for her own protection.' " In *Law v. State,* 121 Ga. App. 106 (7) (173 SE2d 98) (1970), the state's attorney categorized the actions of the defendant in carrying out the offense for which he was on trial as those of a "professional thief." He did not imply that the defendant had a reputation as a wanton criminal, as did the state's attorney in this case.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 24, 1982.

. *Richard D. Allen, Jr.,* for appellant.
*Stephen A. Williams, District Attorney, Elida B. Steele, Assistant District Attorney,* for appellee.