## 77520. SNELSON v. THE STATE.
### (378 SE2d 723)

POPE, Judge.

1. The State has moved to dismiss defendant's appeal based on defendant's failure to file a timely notice of appeal and the absence of any proper authorization for an out-of-time appeal. "The requirement of a timely filed notice of appeal is jurisdictional, even as to criminal cases, and, absent an extension, upon the failure to file such notice within 30 days after a judgment becomes final the appeal must be dismissed." Rimes v. State, 182 Ga. App. 721 (356 SE2d 897) (1987) and cits. The dissent's assertions to the contrary, the Supreme Court's decision in Evitts v. Lucey, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985) does not require a different result. In Evitts the defendant's retained counsel filed a timely notice of appeal but then failed to file his "statement of appeal" containing such information as the names of the parties, counsel and the trial judge, as required by the Kentucky Rules of Appellate Procedure. However, as the Supreme Court specifically noted, the rule requiring the filing of the statement of appeal was not jurisdictional in nature but rather was designed merely to assist in the processing of appeals. Consequently, Evitts v. Lucey does not pertain to jurisdictional requisites such as the timely filing of a notice of appeal and does not require us to review cases over which we have no jurisdiction. Rather, Evitts merely forestalls the dismissal of criminal cases that are otherwise properly before an appellate court for consideration but in which counsel fails to comply fully with the procedural or technical rules of that court.

In Johnson v. State, 183 Ga. App. 168 (358 SE2d 313) (1987), cited by the dissent, the notice of appeal was timely mailed and would have been timely received except for confusion concerning the proper recipient of the notice. In the case at bar, the notice of appeal was filed seventy-seven days late. Defendant made no attempt to timely file the notice of appeal and offered no extenuating circumstances to excuse the late filing. The failure to file a timely notice of appeal is not a technical or procedural error, but rather constitutes a lack of compliance with a jurisdictional prerequisite, the necessity of which neither the parties nor this court can dispense with. Conse-

quently, the State's motion to dismiss is granted.

2. Defendant's enumeration of error concerning the sufficiency of the evidence is rendered moot by the foregoing.

*Appeal dismissed. Birdsong, Sognier, and Beasley, JJ., concur. Deen, P. J., concurs and also concurs specially. Carley, C. J., concurs specially. McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

CARLEY, Chief Judge, concurring specially.

I fully agree with the majority that under *Rimes v. State*, 182 Ga. App. 721 (356 SE2d 897) (1987) and many other decisions, the failure of appellant to timely file a notice of appeal in this case is jurisdictional and that the appeal therefore must be dismissed. However, contrary to the majority, I do not believe that *Johnson v. State*, 183 Ga. App. 168 (358 SE2d 313) (1987) is distinguishable as a matter of law. It is my opinion that this Court was as effectively deprived of jurisdiction by the late filing of the notice of appeal in *Johnson* as the majority correctly holds is true in the present case. I would overrule *Johnson v. State*, supra.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

In my view, the decision in *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821), requires that the case sub judice be decided on the merits. Also, in *Johnson v. State*, 183 Ga. App. 168 (358 SE2d 313), a recent whole court case, this court considered the case on its merits rather than dismiss for untimely filing of the appeal. Therefore, I respectfully dissent since I believe the court should address the merits of defendant's enumerations of error.

I am authorized to state that Judge Benham joins in this dissent.

BANKE, Presiding Judge, dissenting.

The announced basis for the decision in *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), was that "[a] first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Id. 469 U. S. at 396. This rationale is no less applicable in a case where the appeal is dismissed because the notice of appeal was not filed in a timely manner than in a case where the appeal is dismissed for failure to follow a technical procedural rule of the appellate court. Therefore, I do not believe the basis offered by the majority for distinguishing *Evitts* is a valid one.

There is no suggestion in this case that the defendant, who has filed an affidavit of indigency and is represented on appeal by court-

appointed counsel, has voluntarily waived his right of appeal. It is thus clear under *Evitts* that if we dismiss the appeal based on counsel's failure to file the notice of appeal in a timely manner, the defendant will automatically be entitled to habeas corpus relief based on a violation of his Sixth Amendment right to effective assistance of counsel. Accordingly, in the interest of judicial economy, I agree with Presiding Judge McMurray that we should adhere to *Johnson v. State*, 183 Ga. App. 168 (358 SE2d 313) (1987), and reach the merits of the appeal. Perhaps the occurrence of such situations could be reduced in the future by including in the order appointing counsel a requirement that the notice of appeal be filed in a timely manner, along with a notification that failure to do so will be treated as contempt of court.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED FEBRUARY 15, 1989.

*Lawrence E. Diamond*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.