## A89A0731. BROOKS v. THE STATE.

### (382 SE2d 432)

BENHAM, Judge.

Appellant was convicted of possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. The arresting officers testified that while executing a search warrant, they found appellant in the kitchen of the house they searched, holding two bags of cocaine and armed with a pistol.

1. In his first enumeration of error, appellant complains of improper argument by the prosecuting attorney. Specifically, appellant complains of three instances in which the prosecuting attorney implied that there was a danger of violence in the course of this arrest and in law enforcement efforts to counter the drug business. Two of the references alluded to the dangers in the execution of the search warrant, and in light of testimony that appellant was armed with a pistol at the time of the arrest and commented to one of the arresting officers that he could have already killed him if he wanted to, we find that the prosecuting attorney's argument was a fair comment on the evidence. The other argument appellant finds offensive was a suggestion that it was necessary in cases such as this one to protect the identity of the confidential informant who provided the information which led to the issuance of the search warrant pursuant to which the officers entered the house and found appellant with drugs in his hands and a gun on his belt. Considering that it was defense counsel who elicited the testimony of a police officer that informants' identities were kept confidential to protect their lives, we do not find the prosecuting officer's argument improper. A prosecuting attorney arguing the case to the jury has the right to "make any argument which is reasonably suggested by the evidence." *Durden v. State*, 250 Ga. 325 (6) (297 SE2d 237) (1982). This case differs from *Bryant v. State*, 164 Ga. App. 543 (3) (298 SE2d 272) (1982), in that the argument there was not based on the evidence whereas the argument here was. We find no error in the trial court's denial of appellant's motions for mistrial based on the argument of the prosecuting attorney.

2. Appellant's remaining enumerations of error are deemed abandoned because they are not supported by argument or citation of authority. *Adams v. State*, 187 Ga. App. 340 (3) (370 SE2d 197) (1988).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 26, 1989.

Reginald C. Brooks, *pro se.*
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, As-*

*sistant District Attorney*, for appellee.