## A90A0256. MOSS v. THE STATE.
## A90A0257. MARTIN v. THE STATE.
### (395 SE2d 363)

COOPER, Judge.

Terry Moss and Larry Martin were tried jointly and convicted of robbery, armed robbery, burglary and aggravated assault (2 counts). Moss was also convicted of a violation of the Georgia Controlled Substances Act and driving with a suspended license. Both defendants filed separate appeals from the denial of their motions for new trial.

The evidence established that the owner of a video rental business was robbed when Martin jumped from the roof of the establishment, knocking her down and snatching her purse containing cash, checks, and a pistol. Moss and Charles Taylor were hiding in bushes nearby, and after the robbery the three fled from the scene. Later the victim identified Martin as her attacker and the purse was found in a mobile home rented by Moss. Three days later, appellants, wearing masks and gloves, entered a mobile home belonging to two men. The men were tied up with coat hangers, beaten and robbed of jewelry and cash, including six one hundred dollar bills and one fifty dollar bill. The police were called and several hours later two investigators stopped a vehicle driven by Moss in which Martin was a passenger. Three pieces of crack cocaine wrapped in cellophane were found in the ash tray; Martin had six one hundred dollar bills and one fifty dollar bill in his pocket; and Moss was driving with a suspended license. A broken pistol butt from the gun taken in the earlier robbery was recovered at the scene of the burglary. Charles Taylor confessed his involvement in the crimes, implicating both appellants.

1. Appellant Moss contends he was denied effective assistance of

counsel by the trial court's ruling allowing him to represent himself pro se. The record indicates that twelve days before the trial, Moss' attorney, M. V. Booker, filed a request to withdraw from her representation of Moss because of a letter she received expressing his dissatisfaction with her. Before acting on the request, the court appointed Robert Cofer, who had been previously appointed to represent Martin, to represent Moss. Before the trial began, the court inquired as to who would be representing Moss and learned that Moss refused to discuss his case with Cofer on two occasions; that Moss wanted to be represented by Booker; and that Booker, while thoroughly familiar with the case, still wanted to withdraw. Finally, faced with Booker's request and not wanting to be represented by Cofer, Moss said he would represent himself. The court denied Booker's request to withdraw and ordered Booker and Cofer to assist Moss in his defense. The court then advised Moss of the perils of representing himself. Moss declared that he understood the dangers of self-representation and the fact that both Booker and Cofer would be present during the trial for consultation. While the record reveals that Moss gave his opening statement and closing argument and examined most of the witnesses, Booker and Cofer also made timely objections in his behalf. In addition, Moss consulted Booker when he got into difficulty. " 'When a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel.' [Cit.]" *Williams v. State*, 192 Ga. App. 317, 319 (3) (384 SE2d 877) (1989).

Moss also contends his waiver of counsel was not knowingly, intelligently or voluntarily given because the court failed to inquire into his background, his understanding of the charges against him and his knowledge of criminal procedure and evidence. When a defendant elects to waive the right to counsel, "the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981). " ' "(A) judge must investigate as long and as thoroughly as the circumstances of the case before him demand. . . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. . . ." [Cits.]' " *Turner v. State*, 162 Ga. App. 806 (1) (293 SE2d 67) (1982). From our review of the record, we are convinced that the court's ad-

monition adequately apprised Moss of the dangers of proceeding without counsel. *Shavers v. State*, 179 Ga. App. 45 (1) (345 SE2d 134) (1986).

Moss argues that his Sixth Amendment right to a fair trial was violated by the court's failure to allow Booker to act in his behalf; however, a defendant is not entitled to represent himself and also be represented by an attorney. *Jones v. State*, 171 Ga. App. 184 (2) (319 SE2d 18) (1984). In an abundance of caution, the court ordered his court-appointed counsel and counsel retained by his family to be present to advise Moss. Hence, this enumeration of error is without merit.

2. Appellant Moss contends that he was apprehended without probable cause and the evidence seized was used against him during the trial of the case. In order to challenge the admissibility of evidence seized by the police, a defendant must file a motion to suppress before trial. " '[F]ailure to interpose a timely motion to suppress pursuant to the Act (Georgia Search and Seizure Act of 1966) constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question. (Cits.)' [Cits.]" *Stansifer v. State*, 166 Ga. App. 785, 788 (3) (305 SE2d 481) (1983). No such motion having been filed, this enumeration is without merit.

3. Moss and Martin enumerate as error the testimony of William Fowler because his name was not furnished to defense counsel by the State prior to trial pursuant to OCGA § 17-7-110. Fowler was called as an expert witness to provide testimony on blood and hair analyses performed by the state crime lab. His name had been substituted for a fellow official from the crime lab. After Cofer's cross-examination of the witness, Moss objected to the testimony on the ground that Fowler's name had been supplied earlier. The court then offered the appellants the opportunity to interview Fowler which they declined. " '[W]hen the trial court has allowed the defendant an opportunity to interview "unlisted" witnesses, . . . the purpose of the statute [OCGA § 17-7-110] has been satisfied. . . .' [Cit.]" *Ronskowsky v. State*, 190 Ga. App. 147 (1) (378 SE2d 185) (1989). Thus, the trial court properly allowed the witness to testify.

4. Appellants contend the court improperly limited defense counsel's cross-examination. In support of this charge, appellants direct us to a portion of the trial transcript where on recross-examination the State objected to Cofer's question on the ground that it exceeded the scope of the redirect examination. After some discussion, the record shows that the court overruled the State's objection and permitted Cofer's question, hence there was no restriction on appellants' cross-examination. Further in the transcript, another defense question was objected to on the same grounds and the court sustained the objection. The scope of cross-examination lies largely with the discretion of

the trial court. We will not disturb the exercise of that discretion where, as here, there has been no abuse of that discretion. *Meadows v. State*, 190 Ga. App. 662 (2) (380 SE2d 326) (1989).

5. The remaining enumerations of error are not supported by argument or citation of authority and are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Brooks v. State*, 191 Ga. App. 705 (2) (382 SE2d 432) (1989).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1990.

*Robert H. Cofer*, for appellants.
Terry Moss, *pro se*.
*Dennis C. Sanders, District Attorney, Michael N. Annis, Assistant District Attorney*, for appellee.