## A90A1030. BURNS v. THE STATE.
(397 SE2d 19)

McMURRAY, Presiding Judge.

Defendant Burns appeals his conviction of a violation of the Georgia Controlled Substances Act (possession of cocaine with intent to distribute). *Held*:

1. There was no violation of the sequestration rule in allowing the *prosecuting* law enforcement officer to remain after the rule was invoked and testify after hearing the testimony of another witness. *Chastain v. State*, 255 Ga. 723, 724 (2) (342 SE2d 678); *Day v. State*, 188 Ga. App. 648, 649 (5) (374 SE2d 87).

2. Defendant's next enumeration of error complains of portions of the State's closing argument to which defendant objected. The transcript contains only a fragment of the last sentence of the State's argument preceding each of defendant's objections. In one instance the defendant objected to the State's argument which concluded: ". . . haven't heard him get up there and deny it." Defendant contends that this statement was a comment on defendant's failure to testify. Any comment by the prosecution on defendant's silence is prohibited. *Jones v. State*, 185 Ga. App. 879 (366 SE2d 238).

Due to the omissions from the transcript it is impossible to conclude, without some degree of speculation, whether this phrase taken out of context actually refers to defendant or to his silence. "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed at the trial court under the provisions of OCGA § 5-6-41 (f)." *Howe v. State*, 250 Ga. 811, 813 (2), 814 (301 SE2d 280). As this was not done in the case sub judice, there is nothing for this court to review. See *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779); *Smith v. State*, 160 Ga. App. 26, 27 (1) (285 SE2d 749).

3. There is no merit in defendant's third enumeration of error which contends that defendant was not served with a copy of the

search warrant as required by OCGA § 17-5-25. This contention is clearly refuted by the evidence presented at the motion to suppress hearing.

4. In his next enumeration of error, defendant contends that it was error for the trial court to overrule his objection to testimony by a State witness as to the reputation of defendant or of defendant's house. However, the transcript fails to confirm that any such objection was made by the defendant. The absence of an objection amounts to a waiver. *Stratton v. State*, 257 Ga. 593, 595 (5) (362 SE2d 47).

5. Defendant's remaining enumerations of error, being supported in his brief by neither argument nor citation of authority, are deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Tony C. Jones*, for appellant.
*Britt R. Priddy, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.