A90A1303. TAYLOR v. THE STATE.
(399 SE2d 213)

BEASLEY, Judge.

Defendant, convicted of possession of firearms by a convicted felon (OCGA § 16-11-131), contends denial of his motion for new trial was error. The motion was based on grounds he was deprived of an evidentiary hearing on his motion to suppress and, if the motion were meritless as held by the trial court, he was deprived of effective assistance of counsel.

1. The first enumeration contends there was a failure to give an evidentiary hearing on the suppression motion, depriving defendant of his Fourth and Fourteenth Amendment rights.

The motion was filed on December 27, 1988, and the trial was held on January 10, 1990. At the beginning of the trial, the court did conduct a hearing, although no evidence was presented. At the beginning of the discussion, the prosecutor acknowledged that the State had the burden of proof, but contended it was not necessary to go forward because the motion failed to set forth any facts supporting the contention of illegality, containing only boilerplate allegations.

Upon inquiry by the court, the defendant abandoned all of the grounds except the following three: "that the search and seizure was illegal, in violation of his rights and unconstitutional for the following reasons: (e) That the information contained in the affidavit constitutes false swearing (g) That the information contained in the affidavit was stale (h) That the affidavit is based solely on hearsay and is not corroborated by the affiant." There were no further factual allega-

tions in support of these grounds, nor was any brief of legal argument provided. The state produced the affidavit and warrant before the trial court.

As in *Boatright v. State*, 192 Ga. App. 112, 118 (385 SE2d 298) (1989), so here, "[w]e find that the trial Judge correctly concluded that the motion to suppress did not state facts showing that the search and seizure were illegal. Rather the motion contains only a series of conclusions unsupported by statements of fact. Accordingly, the motion did not meet the statutory requirements of OCGA § 17-5-30 (b), and the trial court did not err in its disposition of the motion. [Cits.] . . . Moreover, our Supreme Court has held that 'all motions to suppress [evidence obtained during an unlawful search or seizure whether based on statutory or non-statutory grounds] should be governed by OCGA § 17-5-30. . . . [*State v.*] *Slaughter*, [252 Ga. 435], 439. Thus, all motions to suppress, whether based on statutory or non-statutory grounds must ' "state facts" ' and not merely 'conclusions.' "

No facts were stated and the court was not required to hear evidence. *Smith v. Hopper*, 240 Ga. 93, 95 (3) (239 SE2d 510) (1977); *Hayes v. State*, 168 Ga. App. 94, 95 (4) (308 SE2d 227) (1983).

Other arguments are made here, but will not be considered, not having been presented below. *Brinson v. State*, 191 Ga. App. 151, 152 (2) (381 SE2d 292) (1989).

2. Defendant's retained counsel was replaced by new counsel after trial. New counsel filed a motion for new trial on the general grounds and on the ground that defendant was rendered ineffective assistance of counsel. A hearing was set for February 20, 1990, in which this counsel apparently participated. What transpired was not recorded. The same counsel argues on appeal that failure to effectively draft and pursue the suppression motion was ineffective assistance as a matter of law.

"Under the standards set forth in *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984), 'appellant's burden on challenging his counsel's effectiveness was to establish that his counsel's performance was deficient and that the deficient performance prejudiced the defense. (Cit.) He was required to show that there was a reasonable probability that the result of the proceedings would have been different but for his counsel's unprofessional deficiencies. (Cit.) Further, he had to overcome the strong presumption that the representation was effective." *Close v. State*, 195 Ga. App. 652, 653 (394 SE2d 563) (1990).

The record contains a transcript of only a portion of the beginning of the trial in which the motion to suppress was discussed. While the issue of ineffectiveness of counsel may sometimes be determined without the testimony of trial counsel, it generally cannot be done

when the basis of the claim involves matters outside the record, such as discussions between counsel and client of grounds for the motion, if any, and investigation by counsel of such grounds, if any. *Dawson v. State*, 186 Ga. App. 718, 721 (6) (368 SE2d 367) (1988), rev'd in part, 258 Ga. 380.

" ' "(T)he burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. [Cits.] . . . '(W)here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.' (Cits.)" ' *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988)." *Coffee v. Silver*, 195 Ga. App. 247, 248 (393 SE2d 58) (1990). *Moss v. State*, 194 Ga. App. 181 (390 SE2d 268) (1990).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARINGS DENIED NOVEMBER 6, 1990 AND NOVEMBER 21, 1990.

*Herbert Shafer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Kenneth D. Feldman, Assistant District Attorneys*, for appellee.