## A90A1534. SHARPE v. THE STATE.
(401 SE2d 586)

POPE, Judge.

Defendant Eugene Stanley Sharpe was convicted of the offenses of driving under the influence of alcohol and failure to yield right-of-way in the probate court on August 22, 1986. On August 28 defendant

filed a supersedeas bond indicating his intention to file an appeal to the superior court. The probate court file contains a document entitled "Appeal to the Superior Court," giving notice of appeal. The document is dated August 22 and signed by defendant's attorney but contains no notation that the document was ever filed with the clerk of the probate court.

The probate court judge originally issued an order finding no appeal had been filed and, because the period for filing an appeal to the superior court had expired, ordering defendant to appear to abide by the sentence imposed upon conviction. This order was later vacated and the record transmitted to the superior court for review. The superior court dismissed the appeal due to defendant's failure to file a timely notice of appeal. We affirm.

1. " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' *Jordan v. Caldwell*, 229 Ga. 343 (191 SE2d 530) (1972). (Emphasis supplied.)" *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978). That a notice of appeal appeared in the probate court file is no indication when or if the document was properly filed. "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed, is the best evidence of such filing." (Citation and punctuation omitted.) *Bailey v. Bonaparte*, 125 Ga. App. 512, 514 (188 SE2d 119) (1972). In this case no evidence whatsoever was presented to show when or if the document was filed. Thus, the superior court properly dismissed the appeal for failure to file a timely notice of appeal.

We reject defendant's argument that the supersedeas bond was sufficient to serve as a notice of appeal pursuant to OCGA § 5-3-21 (a). It is true this Code section does not require any particular form for the notice of appeal. Although a notice of appeal serves as supersedeas unless a bond is ordered by the court (OCGA § 5-3-22 (b)), a supersedeas bond is not, of itself, a notice of appeal. A bond may be required for security as a prerequisite to bringing an appeal but the bond does not, itself, commence the appeal.

We also reject defendant's argument that the failure of defendant's attorney to file a timely appeal is a procedural mistake and that the appellate court is required by the holding of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), to reach the merits of defendant's appeal. A majority of this court has held that *Evitts v. Lucey* does not pertain to jurisdictional prerequisites such as the timely filing of a notice of appeal. *Snelson v. State*, 190 Ga. App. 320 (378 SE2d 723) (1989).

2. Because we hold the superior court correctly dismissed defendant's appeal, we need not address the merits of defendant's appeal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

Decided January 25, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.