A90A2157, A90A2158. CARVER v. THE STATE (two cases).
(403 SE2d 230)

McMurray, Presiding Judge.

Defendant was charged, via a multi-count indictment, with aggravated assault of a peace officer and four counts of felony obstruction of an officer. Defendant was charged in a separate indictment with two counts of forgery in the first degree. An attorney was appointed to represent defendant at consecutive jury trials. The first jury found defendant guilty on two counts of the first indictment, aggravated assault of a peace officer and felony obstruction of an officer. The second jury found defendant guilty on both counts of the second indictment. Defendant was sentenced on both indictments after the second jury trial. The trial court then advised defendant as follows:

"You have a right to appeal the verdicts in both of these cases. You have the right to be represented on the appeal by your court appointed attorney if you wish. Can you tell me at this time, or do you know if you wish to appeal? [DEFENDANT]: Yes, sir, I intend to appeal. THE COURT: Can you tell me now if you wish to have a court appointed attorney to represent you? [DEFENDANT]: No, sir. I'll handle it myself. THE COURT: You do not want a court appointed attorney, is that what you're telling me? [DEFENDANT]: Yes, sir, that's what I'm saying. THE COURT: All right. Well you do understand, do you not, that you have the right to the services of a court appointed attorney? [DEFENDANT]: Yes, sir. THE COURT: The appellate process is commenced by either filing what's called a motion for new trial or by filing what's called a notice of appeal. The important thing for you to remember is that the appellate process must be commenced within thirty days of the date that the sentence is entered which is today. If you fail to file either a motion for new trial or a notice of appeal within thirty days of this date then you will be deemed by the law to have waived your right to appeal and you thereafter would have no right to appellate review of these convictions. So I caution you that you must do that within this time.

"I also caution you that if you wait until after thirty days to select your lawyer, to hire a lawyer to appeal, there will be nothing he can do for you. So if you change your mind and decide that you cannot, or do not wish to hire a private attorney to represent you on appeal you must let me know immediately because if you wait until the 28th or 29th day to let me know it could well be too late. I might not get the message and I might not be able to re-appoint Mr. Strau-

ghan [trial counsel] or some other lawyer to represent you within the thirty days. Do you understand all that? [DEFENDANT]: Yes, sir, I understand. THE COURT: Okay. I believe that concludes everything. You may be seated."

Defendant later requested post-conviction assistance from his court-appointed trial counsel, but later requested that the court-appointed attorney be relieved and that he be allowed to proceed pro se. The trial court relieved the court-appointed attorney and later allowed defendant to argue, pro se, timely filed motions for new trials. (Defendant raised several grounds for new trials, including an assertion that his court-appointed attorney was ineffective at the trials.) The motions for new trials were denied. These pro se appeals followed. *Held*:

1. "An indigent defendant is entitled to have counsel appointed to represent him on the first level of appellate review. *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9 LE2d 811); *Ross v. Moffitt*, 417 U. S. 600 (94 SC 2437, 41 LE2d 341)." *Chapman v. State*, 183 Ga. App. 376, 377 (359 SE2d 14). However, when an indigent criminal defendant elects to waive the right to counsel and represent himself during post-conviction proceedings, " 'the record should reflect a finding on the part of the trial court that the defendant has *validly chosen* to proceed pro se. The record should also show that *this choice* was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.' (Emphasis supplied.) *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981)." *Burnett v. State*, 182 Ga. App. 539 (1), 540 (356 SE2d 231). More specifically, the record should reflect a defendant's appreciation of the charges for which he has been convicted and possible avenues of post-judgment relief. See *Moss v. State*, 196 Ga. App. 81 (1), 82 (395 SE2d 363). A defendant should also be aware that post-judgment practice involves strict compliance with rules of practice and procedure; that failure to comply with these rules may result in waiver of important issues and that pro se parties are generally bound by the same rules of practice and procedure as a lawyer.

In the cases sub judice, defendant was informed of his right to appointed counsel on appeal and that an appeal or motion for new trial must be filed within 30 days after conviction. However, the records do not reveal a finding that defendant was made aware of the risks inherent in representing himself or of the value of counsel after conviction, or that defendant had knowingly and intelligently waived his right to appointed appellate counsel if defendant were found to be indigent. Consequently, the cases sub judice must be "remanded to the trial court for instructions to [defendant] consistent with [the] holding in *Clarke v. Zant* [, 247 Ga. 194, supra]." *Cochran v. State*, 253 Ga. 10, 11 (315 SE2d 653).

2. The records in the cases sub judice show that defendant raised the issue of ineffective assistance of trial counsel during the hearing on his motions for new trials. The records also show that the trial court offered defendant post-conviction representation by his court-appointed trial attorney. These circumstances reveal a possible conflict of interest which could be prejudicial to defendant and also unfair to trial counsel.

"[T]rial counsel should not be placed in a position where he is required to pursue an advocatory role in support of an issue which would, if adjudged meritorious, reflect unfavorably upon [counsel's] integrity . . . ; nor should an individual defendant be deprived of his right to a full and complete assistance of counsel unencumbered by divided loyalties." *People v. Bain*, 320 NE2d 426, 427 (1974). Accordingly, under the particular facts and circumstances of the cases sub judice and in light of the issue of ineffective assistance of counsel having been raised, the trial court is directed to advise defendant that a court-appointed attorney, other than his court-appointed trial counsel, if defendant is found to be indigent, will be available in the event defendant elects post-conviction representation by a court-appointed attorney.

Additionally, these cases are also remanded to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel.

*Cases remanded with direction. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 22, 1991.

Jerry Carver, *pro se.*
*James L. Wiggins, District Attorney, H. Frederick Mullis, Jr., Assistant District Attorney*, for appellee.