### A92A0532. WEBER v. THE STATE.
(416 SE2d 868)

McMURRAY, Presiding Judge.

Defendant was charged, via a multi-count indictment, with two counts of robbery by sudden snatching and three counts of financial transaction card fraud. An attorney was appointed to represent defendant and, after a jury trial, defendant was found guilty on all counts of the indictment. Defendant's court appointed attorney then

filed a motion for new trial, asserting the general grounds. Defendant subsequently filed pro se requests for the trial court to dismiss his court appointed attorney and to appoint another attorney. In another document entitled, "MOTION FOR TRANSCRIPT AND COURT REPORTERS MATERIAL," defendant alleged, pro se, that his trial attorney was ineffective.

Defendant's court appointed trial attorney appeared at the motion for new trial hearing, but asserted no argument in support of defendant's motion for new trial. More specifically, the trial court asked defendant's trial attorney, "Any argument?" Defendant's trial attorney replied, "No, your honor, we would submit it. I think the court is familiar with this case." Defendant's motion for new trial was denied. This pro se appeal followed. *Held*:

" 'An indigent defendant is entitled to have counsel appointed to represent him on the first level of appellate review. *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9 LE2d 811); *Ross v. Moffitt*, 417 U. S. 600 (94 SC 2437, 41 LE2d 341).' *Chapman v. State*, 183 Ga. App. 376, 377 (359 SE2d 14). However, when an indigent criminal defendant elects to waive the right to counsel and represent himself during post-conviction proceedings, ' "the record should reflect a finding on the part of the trial court that the defendant has *validly chosen* to proceed pro se. The record should also show that *this choice* was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." (Emphasis supplied.) *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981)." *Burnett v. State*, 182 Ga. App. 539 (1), 540 (356 SE2d 231). More specifically, the record should reflect a defendant's appreciation of the charges for which he has been convicted and possible avenues of post-judgment relief. See *Moss v. State*, 196 Ga. App. 81 (1), 82 (395 SE2d 363). A defendant should also be aware that post-judgment practice involves strict compliance with rules of practice and procedure; that failure to comply with these rules may result in waiver of important issues and that pro se parties are generally bound by the same rules of practice and procedure as a lawyer." *Carver v. State*, 198 Ga. App. 676, 677 (1) (403 SE2d 230) (two cases).

In the case sub judice, defendant filed this appeal pro se. However, there is no indication that defendant's court appointed trial counsel was allowed to withdraw after the denial of defendant's motion for new trial. Further, the record does not reveal that defendant was made aware of the risk inherent in representing himself or of the value of counsel after conviction, or that defendant knowingly and intelligently waived his right to appointed appellate counsel if defendant were found to be indigent. Consequently, the case sub judice must be " 'remanded to the trial court for instructions to (defendant) consistent with (the) holding in *Clarke v. Zant*(, 247 Ga. 194, supra).'

*Cochran v. State*, 253 Ga. 10, 11 (315 SE2d 653)." *Carver v. State*, 198 Ga. App. 676, 677 (1), supra. Upon completion of this procedure, with the findings and holding of the trial court thereon, a motion for out-of-time appeal on behalf of defendant Weber will be allowed.

*Appeal dismissed and case remanded. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1992.

Manuel S. Weber, *pro se.*
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.

