A91A2212. LEE et al. v. THE STATE.
A91A2214. KEYS et al. v. THE STATE.
A91A2215. BENSON v. THE STATE.
A91A2216. WRIGHT et al. v. THE STATE.
(417 SE2d 426)

CARLEY, Presiding Judge.

Each appellant in these companion appeals was tried before a jury and found guilty of criminal violations committed in connection with their protest against abortion. Thereafter, each filed a timely pro se appeal from the respective judgments of conviction and sentences entered by the trial court on the jurys' guilty verdicts. However, no appellant has ever filed any enumeration of errors or brief, notwithstanding this court's orders directing them to do so. Because the procedural posture of these four appeals is identical, they are hereby consolidated for appellate disposition in this single opinion.

1. After the decision of the Supreme Court of the United States in *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), this court "amended its rules regarding the dismissal of criminal cases for failure to comply with an order of the court directing the filing of

an enumeration of errors and a brief. Such noncompliance will no longer automatically result in the dismissal of an appeal. See Court of Appeals Rule 14 [a]. . . ." *DeBroux v. State*, 176 Ga. App. 81 (1) (335 SE2d 170) (1985). Even if *Evitts* does not constitutionally require that we automatically *consider* the merits of a criminal appeal wherein there has been no compliance with Rule 14 (a), a majority of this court in *DeBroux v. State*, supra at 81 (1), nevertheless held that, "[n]otwithstanding a criminal defendant's failure to comply with the rules of this court, we will make every effort to enter a decision on the merits of the case." Since *DeBroux* was decided, a majority of this court has continued to adhere to its mandate. "*We* do not find that the failure . . . to file an enumeration of errors and brief authorizes the dismissal of appellant's appeal. [Cit.]" (Emphasis supplied.) *Allen v. State*, 192 Ga. App. 320, 321 (385 SE2d 29) (1989). "Notwithstanding the . . . defendant's failure to comply with the rules and an order of this court, *we* decline to dismiss his appeal but, instead, will make every effort to render a decision on the merits of the case." (Emphasis supplied.) *Conyers v. State*, 183 Ga. App. 591 (1) (359 SE2d 454) (1987).

"The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court *shall bind all courts* except the Supreme Court *as precedents*." (Emphasis supplied.) Art. VI, Sec. V, Par. III of the Ga. Const. of 1983. "[T]he older decisions of this court are *binding on this court* until reversed or overruled by the Supreme Court or overruled by this court. . . ." (Emphasis supplied.) *McKibben v. State*, 88 Ga. App. 466, 474 (1) (77 SE2d 86) (1953). Accordingly, we have a constitutional duty and obligation to follow the holdings in the whole-court decisions in *Allen, Conyers* and *DeBroux* unless there is a bona fide reason to depart from the principle of stare decisis. Having considered the issue for yet a fourth time, a majority of this court again adheres to the mandate of *Allen, Conyers* and *DeBroux* and, recognizing that a speedy resolution of criminal appeals is preferable to a delay of that determination, we reiterate that, once this court's jurisdiction has been invoked by a timely filed notice of appeal from a criminal conviction, we will not dismiss for the subsequent failure to comply with the rules of this court, but will make every effort to render a decision on the merits of the case.

2. A review of the records shows that, from the evidence adduced at each trial, the jury was authorized to find proof, beyond a reasonable doubt, of the guilt of the defendant on trial. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. "[O]ur independent examination of the record and transcript has revealed no error of law requiring reversal. Accordingly, [each] appellant's [convictions are] affirmed." *Allen v. State*, supra at 321. See also *Conyers v. State*, supra at 591 (2); *DeBroux v. State*, supra

at 81 (2).

*Judgments affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper and Johnson, JJ., concur. Beasley and Andrews, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent. I do not concur in Division 1 because I discern nothing in *Evitts v. Lucey,* 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), which obligates this court to use the procedure it has followed. Yet it is the understanding of *Evitts* which the majority of this court has, which is the genesis and catalyst for the change in our Rule 14. See *DeBroux v. State,* 176 Ga. App. 81 (335 SE2d 170) (1985). Rule 14 authorizes and does not prohibit the dismissal of criminal appeals. *Conyers v. State,* 183 Ga. App. 591 (359 SE2d 454) (1987), and *Allen v. State,* 192 Ga. App. 320 (385 SE2d 29) (1989), are both bottomed on the interpretation of *Evitts.*

These four appeals, brought by ten defendants, emanate from convictions following jury trials on three consecutive days in April 1990, and sentences which were modified post-appeal so as to result in fines and statutory penalties and 12-month sentences suspended on conditions which included payment of the fines. The defendants were convicted of criminal trespass, OCGA § 16-7-21, and Chris Keys was also convicted of refusal to comply with a lawful order, OCGA § 40-6-2. All except Benson were involved in incidents occurring on December 21, 1989, and January 3, 1990. Benson participated in the one in January.

After notices of appeal were filed (with certificates of service signed by someone designated as "next friend"), defendants sought trial transcripts and record preparation at county expense. The motions were granted after "the Court conducted extensive hearings." Transcripts and records were duly prepared, and the appeals were docketed in this court on September 5, 1991.

No action was taken by any of these defendants to perfect their appeals.

After the time for filing enumerations of error and briefs had passed, orders were entered under Rules 14 (a), 23 and 27 (b) extending the time and defendants were expressly warned that failure to comply "may result in dismissal of the appeal[s] and may subject the offender[s] to contempt." The orders were sent to the respective addresses of defendants in Georgia, California, North Carolina, and New York.

The extensions were sua sponte except in the appeal of Joseph Wright, Kim Wright, and Domingo. Domingo alone moved for an extension on September 25 based on the claim that he had not received the transcript. Although the transcript in their case had been filed in

the trial court on August 30, 1991, this court granted an extension. The times for filing have expired months ago, and no enumerations of error, briefs, or word has been received from any of the defendants.

Even when enumerations of error are filed, if they are "not supported by argument, reference to the transcript, or citation of authority," they are deemed abandoned. *Grier v. State*, 198 Ga. App. 840, 842 (2) (403 SE2d 857) (1991). See also, e.g., *Whatley v. State*, 197 Ga. App. 489 (2) (398 SE2d 807) (1990); *Moss v. State*, 196 Ga. App. 81, 84 (5) (395 SE2d 363) (1990) (pro se appeal); *Burns v. State*, 196 Ga. App. 732, 733 (397 SE2d 19) (1990); *Mitchell v. State*, 195 Ga. App. 255, 257 (fn. 1) (393 SE2d 274) (1990); *Saunders v. State*, 195 Ga. App. 810, 811 (2) (395 SE2d 53) (1990). Not only are there not any arguments or citations of authority giving reasons why a certain trial court ruling is enumerated as error, we do not even have any enumerations of error. " '[T]his court is without jurisdiction to consider [what is not enumerated as error].' " *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744, 747 (3) (360 SE2d 70) (1987), quoting from *Riggins v. State*, 128 Ga. App. 478 (197 SE2d 154) (1973).

It is a long established and firm rule that, as repeated in *Taylor v. State*, 197 Ga. App. 678, 680 (2) (399 SE2d 213) (1990), "[t]he burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) Here the defendants have not even alleged error.

Defendants are not entitled to have their convictions reviewed as a matter of right by an appellate court in this State, nor under the Federal Constitution. *Thomas v. State*, 260 Ga. 262, 263 (392 SE2d 520) (1990). By their conduct and their inaction, they have failed to pursue their appeals and they must be dismissed because they have been abandoned and because we have no jurisdiction in the absence of enumerations of error as required by OCGA § 5-6-40.

*Allen v. State*, supra; *Conyers v. State*, supra; *DeBroux v. State*, supra; and any other like decisions should be overruled. There are no "merits of the case" to decide.

That being so, I do not reach the issues decided in Divisions 2 and 3.

ANDREWS, Judge, dissenting.

For the reasons expressed herein, I would dismiss these appeals without prejudice and remand them to the trial court to determine whether they have been abandoned.

Since these appellants elected to proceed pro se, and there is no claim that any of them was deprived of the right to be effectively represented by counsel on appeal, neither the holding nor the spirit of

*Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), requires that they be heard on the merits.[1] In *Evitts v. Lucey* the U. S. Supreme Court found that the due process clause guarantees a criminal defendant effective assistance of counsel on the first appeal as of right. Even though there is no federal or state constitutional right to an appeal (see *Thomas v. State*, 260 Ga. 262, 263 (392 SE2d 520) (1990)), where the State elects to create an appellate system as an integral part of adjudicating a defendant's guilt or innocence, the procedures used in the appeals process must comply with the demands of due process. *Evitts v. Lucey*, supra at 393. A criminal defendant's constitutional right to receive effective assistance of counsel is an essential means to ensuring that appeals procedures comport with due process by providing defendants with legal representation necessary to afford them adequate and effective access to the first appeal as of right. *Pennsylvania v. Finley*, 481 U. S. 551, 558 (107 SC 1990, 95 LE2d 539) (1987); *Evitts v. Lucey*, supra. Under *Evitts v. Lucey*, the State may not cut off a defendant's access to the appeals system because his lawyer provided ineffective assistance by failing to follow mandatory appellate rules. However, *Evitts v. Lucey*, clearly did not require that an appellate court ignore violation of its procedures, and attempt to decide every case on the merits regardless of its posture before the court. "If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights." *Evitts v. Lucey*, supra at 399 (discussing remedies which preserve fair access to the appeals system, which may be made available to a defendant whose appeal was not considered on the merits because of ineffective appellate counsel). Since the present appeals were brought pro se, and raise no issue of ineffective assistance by appellate counsel, the due process discussion in *Evitts v. Lucey* has no direct application, although it has had a persuasive influence on this Court's consideration of procedurally defaulted pro se appeals.

This Court's holding in *Allen v. State*, 192 Ga. App. 320 (385 SE2d 29) (1989) dealt with procedural defaults caused by ineffective assistance of counsel, and has no direct application to these pro se appeals. Nevertheless, to the extent *Allen* continued a policy that this Court attempt to render a decision on the merits of all procedurally defaulted cases regardless of their posture before the Court, it should be disapproved. As I read *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987), and *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985), both of which declined to dismiss pro se appeals after the

---

[1] We do not deal here with jurisdictional prerequisites which this Court has determined are not governed by the holding in *Evitts v. Lucey*, supra. *Sharpe v. State*, 198 Ga. App. 381, 382 (401 SE2d 586) (1991); *Snelson v. State*, 190 Ga. App. 320 (378 SE2d 723) (1989).

appellants failed to file enumerations of error and briefs, neither case holds that *Evitts v. Lucey* required that this Court render a decision on the merits. Rather, both cases appear to rely on *Evitts v. Lucey* as persuasive authority for the decision to "make every effort to render a decision on the merits of the case." *Conyers* supra at 591. In my view, the reliance of *Conyers* and *DeBroux* on the persuasive authority of *Evitts v. Lucey* and other cases based on the same rationale, demonstrates a misplaced concern that defendants who err while representing themselves on appeal should not have their appeals dismissed, while we refuse to dismiss appeals for the same errors committed by appellate counsel on behalf of their clients. The difference is that where "the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . ." which may not conduct the appeals process without ensuring the defendant has effective legal assistance. See *Murray v. Carrier*, 477 U. S. 478, 488 (106 SC 2639, 91 LE2d 397) (1986). No such State responsibility is imputed where a defendant, properly advised of the right to appellate counsel, elects to proceed pro se. For those represented by ineffective counsel, a procedural default has due process implications flowing from the denial of meaningful access to the appeals process. For those who waive the right to be represented by an attorney and elect to proceed pro se, the same procedural default has no such due process implications. Accordingly, I believe the holdings in *Conyers* and *DeBroux* requiring that this Court "make every effort to render a decision on the merits" in such pro se cases are based on the erroneous assumption that the same due process concerns are present in procedurally defaulted pro se cases that exist in cases where the appellant is represented by an attorney. Such an assumption cannot be justified by reliance on *Evitts v. Lucey* or any other authority cited. By requiring an effort to reach the merits in all such cases, both *Conyers* and *DeBroux* simply assume that due process will be violated by a dismissal, and foreclose this Court's exercise of discretion under Court of Appeals Rule 14. For these reasons *Conyers* and *DeBroux* should be overruled.

In my view, for this Court to adopt the position that it will attempt to render an immediate decision on the merits of every procedurally defaulted case, whether the appellant is pro se or represented by counsel, is unworkable. As *Evitts v. Lucey* made clear in the context of a represented appellant, the task is not to necessarily decide every case on the merits, but to ensure that every criminal defendant is provided due process of law by having adequate and effective access to the state created appeals system. When an appellant has failed to provide this Court with any enumerations of error or brief, to consider the merits we are forced in effect to assume the role of counsel for the appellant, and undertake the burdensome task of reviewing

the entire record for possible error. The same dilemma created by this policy was rejected by the Georgia Supreme Court in *Huguley v. State*, 253 Ga. 709, 710 (324 SE2d 729) (1985), when the Court finally concluded it would no longer accept Anders' motions which forced it to review the record, without assistance of counsel, for any colorable claim of error, implicitly recognizing that "an appellate court looking at a cold record" is no substitute for effective assistance of counsel. Id. at 710.

This Court laid the basis for a workable policy with respect to these defaulted appeals in Rule 14 which gives the Court the discretion to consider their disposition on a case by case basis. The Court should now undertake a consistently applied policy of exercising its discretion under Rule 14 with respect to both pro se and represented cases. Where no enumerations of error or brief has been filed despite court order to do so, if the Court is able to determine, as a matter of fact, that the appeal has been abandoned, it should be dismissed. If there is some reason to believe that the appeal has not been abandoned and should be considered on the merits, the appeal should be dismissed without prejudice and remanded to the trial court with instructions to conduct a hearing to determine whether or not the appeal has been abandoned. If the appeal has not been abandoned, the trial court should enter an order so finding, and renew instructions, if necessary, on the right to counsel, appointed counsel, or the right to proceed pro se, and make appropriate appointments or replacements of counsel. If the trial court determines the defendant has abandoned the appeal, an order should be entered making this determination, supported by the court's findings of fact. In the former situation, the defendant should be given 30 days from entry of the trial court's order in which to file an out-of-time appeal with respect to any of the trial court's determinations on remand, and any claim of error which could have been made in the original appeal.[2] This suggested remand procedure is consistent with the concern expressed in *Evitts v. Lucey* that if the appellate court chooses not to immediately consider the procedurally defaulted appeal on the merits, some alternative procedure be provided to ensure fair access to the appeals system.

Accordingly, I would dismiss these appeals, and remand the cases pursuant to the above.

---

[2] Dismissal and remand with leave to file a subsequent out-of-time appeal is consistent with the manner in which this Court has handled the need for factual determinations in the trial court on issues of ineffective assistance of counsel, and determinations of indigency and appointments of appellate counsel. *Wallace v. State*, 199 Ga. App. 817 (406 SE2d 140) (1991); *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991); *Jacobs v. State*, 184 Ga. App. 869 (363 SE2d 155) (1987); *Chapman v. State*, 183 Ga. App. 376, 377 (359 SE2d 14) (1987).

DECIDED MARCH 20, 1992.

Jesse Lee, *pro se.*
Gaylen ·Keys, *pro se.*
Richard Benson, *pro se.*
Joseph Wright, *pro se.*
James L. Webb, Solicitor, for appellee.