# Court of Appeals
# of the State of Georgia

ATLANTA,___December 16, 2015___

*The Court of Appeals hereby passes the following order:*

**A16A0581. SEDLECEK v. THE STATE.**

The Motion to Withdraw as counsel of record filed on December 4, 2015, by attorney Gregory A. Hicks is hereby DENIED.

Although attachments to the pleading indicate that the appellant requested pro se that the trial court remove Hicks as attorney of record, no other attorney has filed a notice of appearance, and the record does not show that the trial court has determined that the appellant has knowingly and voluntarily waived his right to counsel and wishes to proceed pro se on appeal. Accordingly, this case is hereby REMANDED to the jurisdiction of the trial court for determination of whether the appellant desires and is entitled to appointed appellate counsel, has retained counsel, or has knowingly waived his right to counsel. *Calmes v. State*, 312 Ga. App. 769, 773 (3) (719 SE2d 516) (2011) ("A defendant may waive his right to counsel during post-conviction proceedings, but the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.") (citations and punctuation omitted.); *Weber v. State*, 203 Ga. App. 356, 357 (416 SE2d 868) (1992) (When an indigent criminal defendant elects to waive the right to counsel and represent himself during post-conviction proceedings, the record should reflect the defendant's appreciation of the charges for which he has been convicted and possible avenues of post-judgment relief. The defendant should be made aware "that post-judgment practice involves strict compliance with rules of practice and procedure; that failure

to comply with these rules may result in waiver of important issues and that pro se parties are generally bound by the same rules of practice and procedure as a lawyer.") (citation and punctuation omitted).

Upon completion of the record, either by the filing of an order appointing appellate counsel, the entry of appearance of retained counsel, or a determination on the record by the trial court that the appellant knowingly wishes to proceed pro se, the clerk of the trial court may transmit the record to this Court for redocketing pursuant to the Notice of Appeal filed October 30, 2015.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____12/16/2015_____
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*