## 63164. McCOY v. THE STATE.

DEEN, Presiding Judge.

Leon McCoy appeals from his conviction of bribery.

1. The verdict was supported by the evidence. The arresting police officer testified that he stopped McCoy for making an improper turn and then discovered that he was driving without a license. The officer claimed that McCoy said: "If I give you fifteen dollars could we forget the tickets?" The defendant testified: "I had asked him how much it would cost because I never have had a ticket. I asked him how much it would cost; if it would cost more than fifteen dollars. And that's what it led to, you know. He said I was trying to bribe him before. That's the statement that he made. And I said, 'No, I'm not trying to bribe you.' He say, 'You get in the car.' "

The credibility of the witnesses is solely a question for the trier of fact. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). We find that a rational trier of fact could have found that the defendant was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in receiving guilty verdicts from the jury as to the counts of bribery and driving without a license while declaring a mistrial because the jury was deadlocked on the remaining counts (possession of an illegal firearm and possession of a firearm by a convicted felon). See Tyler v. United States, 397 F2d 565 (1968).

3. This court cannot review any enumeration of error which goes to the excessiveness of a sentence when the sentence is within the limits authorized by statute. This question should be addressed to the sentence review panel as provided in Code Ann. § 27-2511.1. *Chandler v. State,* 143 Ga. App. 608 (239 SE2d 158) (1977).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 8, 1982.

*Gary S. Vey,* for appellant.
*Hobart Hind, District Attorney, John W. Hogg, Assistant District Attorney,* for appellee.