## 38431. MULLINS v. LAVOIE.

Weltner, Justice.

Hubert T. Mullins was convicted of armed robbery in the Superior Court of Whitfield County, and received a 15-year sentence. The Court of Appeals affirmed the conviction in *Mullins v. State,* 147 Ga. App. 337 (248 SE2d 706) (1978). In 1981 Mullins petitioned the Superior Court of Lowndes County for a writ of habeas corpus. The petition was denied after a hearing, and Mullins appeals pursuant to our grant of his application for a certificate of probable cause.

Mullins contends that he is entitled to habeas corpus relief on several grounds. (1) The sum of sixty-six dollars, alleged to be the product of an illegal search and seizure, was admitted into evidence over objection at trial. (2) Mullins was not allowed to call witnesses at a preliminary hearing before the court of inquiry. (3) The indictment contained an alleged misnomer of Mullins' co-defendant. (4) Mullins contends that he was denied a trial by an impartial jury, as two individual jurors allegedly exhibited prejudice against Mullins. (5) Mullins contends that he was denied effective assistance of counsel, as his attorney on direct appeal failed to raise the issues set out above. (6) Mullins contends that he was denied the right to perfect his own appeal.

We have reviewed the record with respect to the first four contentions, and conclude that they are without merit. It follows that the failure of Mullins' attorney on appeal to raise these issues did not render his representation ineffective. Finally, Mullins was not denied the right to perfect his own appeal. To the contrary, he was given leave to do so, and an attorney was appointed to assist him, if he so desired. The circumstances of this last contention will be developed below.

We are concerned by what we perceive as a growing determination among criminal defendants to act as their own counsel or as co-counsel, at trial, on appeal, or both. However perilous that may be (see, e.g., *Myron v. State,* 248 Ga. 120 (281 SE2d 600) (1981)), we take this opportunity to address the issue of self-representation as it relates to subsequent claims of ineffective assistance of counsel.

The record in the present case reveals some confusion as to Mullins' status on appeal. After his conviction, Mullins filed a motion for release of trial counsel, which was granted. At the hearing on that motion the following exchange appears:

"The Court: Can you perfect your appeal?

"Mr. Mullins: I don't really think so. Really, I'm going to need somebody, you know, to stand behind me with it; but I don't wish to have [trial counsel] to do so. I have filed —

"The Court: (Interposing) Well, it's not up to you to say who you want. You can either perfect it yourself, if you want to be your counsel, or you'll take whoever the court appoints.

"Mr. Mullins: Well, then, I will — I'll do it myself.

"The Court: All right. You can handle it yourself." Shortly thereafter, at a hearing on Mullins' pro se motion, styled a "Motion for an Injunction to Persist," which was denied, the trial court stated as follows: ". . . And, at this time, I'm going to appoint Mr. Donehoo to represent you — Dean Donehoo — for purposes of prosecuting your appeal. . . . I'm appointing Mr. Donehoo to assist you. You can make use of his services or not, as you see fit, but he's your appointed lawyer for purposes of your appeal."

These excerpts from the record show that Mullins was not denied the right to perfect his own appeal. Instead, an attorney was appointed to assist him if he so desired. Mullins claims that he was misled by the court's statement at the prior hearing that "[y]ou can either perfect it yourself, if you want to be your counsel, or you'll take whoever the court appoints." However, this claim of mis-understanding is belied by Mullins' contention that Mr. Donehoo privately agreed to file a brief in the Court of Appeals, and to raise the issues which we have treated in the first part of this opinion, *only* on the condition that Mullins would file nothing pro se. Assuming that Mullins had such an agreement with Mr. Donehoo, he cannot now complain that he was denied the right to perfect his own appeal.

This sequence of events illustrates the confusion and uncertainty which may arise when a criminal defendant elects to act as his own counsel, but in addition desires an attorney to act as lead counsel, as co-counsel, or as an advisor. In *Burney v. State,* 244 Ga. 33 (2) (257 SE2d 543) (1979), we held that Art. I, Sec. I, Par. IX of the Georgia Constitution (Code Ann. § 2-109) gives to a criminal defendant the right to represent himself, and in view of the wording of our constitutional provision, this right is not waived by the exercise of the right to be represented by counsel. But see United States v. Bowdach, 561 F2d 1160, 1176 (5th Cir. 1977); see also *Clarke v. Zant,* 247 Ga. 194, 197 (275 SE2d 49) (1981) (Where the defendant elects to waive the right to counsel, ". . . the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.") We now hold that, when a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of

counsel with respect to any stage of the proceedings wherein he was counsel.

*Judgment affirmed. All the Justices concur, except Hill, P. J., not participating.*

DECIDED MAY 4, 1982 —
REHEARING DENIED MAY 25, 1982.

Hubert T. Mullins, *pro se.*

Michael J. Bowers, Attorney General, Susan V. Boleyn, *Assistant Attorney General,* for appellee.