70604. DeBROUX v. THE STATE.
(335 SE2d 170)

POPE, Judge.

Louis E. DeBroux, Jr. brings this appeal pro se from his convictions of driving in excess of 55 miles per hour (OCGA § 40-6-181 (b) (2)) and refusal to display his driver's license upon the demand of a law enforcement officer (OCGA § 40-5-29 (b)). *Held*:

1. The State has moved to dismiss this appeal for appellant's failure to comply with an order of this court directing him to file an enumeration of error and a brief. See Court of Appeals Rules 27 (a) and 14. However, in light of recent federal decisions disapproving of the dismissal of a criminal defendant's first appeal as of right (see, e.g., *Evitts v. Lucey*, 469 U. S. __ (105 SC 830, 83 LE2d 821) (1985)), this court has, effective March 1, 1985, amended its rules regarding the dismissal of criminal cases for failure to comply with an order of the court directing the filing of an enumeration of errors and a brief. Such noncompliance will no longer automatically result in the dismissal of an appeal. See Court of Appeals Rule 14, 172 Ga. App. A-7. Notwithstanding a criminal defendant's failure to comply with the rules of this court, we will make every effort to enter a decision on the merits of the case. The State's motion to dismiss is denied.

2. We have reviewed the record on appeal and find no error.

*Judgment affirmed. Banke, C. J., Deen, P. J., Birdsong, P. J., Carley and Benham, JJ., concur. McMurray, P. J., concurs in the judgment only. Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent from the affirmance and would dismiss the appeal.

Defendant filed a notice of appeal and then did nothing about it. There being an affidavit of indigency below, the record was prepared by the clerk and sent here. It was docketed in this court. Defendant is not incarcerated. Despite the court's sua sponte order pointing out what was needed to perfect the appeal and extending the time for that to be done, and despite the district attorney's motion to dismiss again pointing out precisely what was missing, defendant/appellant took no action.

Rule 14 provides, out of an abundance of caution, that criminal cases "may" (instead of "shall," as in civil cases) be dismissed if the appellant fails to comply with an order of the court directing the filing of the brief and/or enumeration of errors. Appellant has given us no reason why we should go into the record in this case to search for errors which might have been prejudicial to him, nor has he given us any idea why the judgment of the trial court was in error. It may reasonably be inferred that the purpose of filing the notice was to avoid the sentence or at least delay its service. Apparently that worked, not only temporarily but also permanently; there is in the record an order staying the running of the probation sentence because defendant cannot of late be found.

Under these circumstances, I do not believe that *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821) (1985) (53 USLW 4101; Case No. 83-1378, decided January 21, 1985), requires us to consider the merits of the case. *Evitts* focuses on effective representation on the first appeal as of right, when defendant is represented by counsel. This defendant is pro se on appeal and therefore could not complain about the mistakes of counsel in perfecting the appeal. *Mullins v. Lavoie*, 249 Ga. 411, 412 (290 SE2d 472) (1982); *Tucker v. State*, 173 Ga. App. 742, 743 (327 SE2d 852) (1985). By his *own* inaction, the appeal presents nothing to review. Even prior to *Evitts*, Georgia recognized the right to effective assistance of counsel on appeal. *McAuliffe v. Rutledge*, 231 Ga. 1, 2-3 (200 SE2d 100) (1973); *Cunningham v. State*, 232 Ga. 416 (207 SE2d 48) (1974). But that does not prevent dismissal if accused forfeits his appeal. *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976).

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED SEPTEMBER 18, 1985.

Louis E. DeBroux, Jr., *pro se*.

*Robert F. Mumford, District Attorney*, for appellee.