## 72360. BROWN v. THE STATE.
### (345 SE2d 901)

BEASLEY, Judge.

Brown entered pleas of guilty to three counts of robbery (OCGA § 16-8-40 (a)) and on October 30, 1984, was sentenced to twenty years on each count to run concurrently with each other and concurrently with any sentence he was then serving. He was represented by counsel during the sentencing and stated to the court that counsel had informed him of all of his rights regarding the pleas. The face of the sentence recited that the defendant had been advised of his right to appeal to the Superior Court's Sentence Review Panel, and that the sentence imposed was the result of a plea bargain agreement.

In November, defendant pro se filed a motion to "remold" sentence and a motion to resentence, contending that the sentences he received were disproportionate and excessive. The record shows no rulings on the motions.

On December 3, 1984, Brown, again pro se, filed a notice of appeal from the convictions and sentences. The appeal was docketed. On March 3, 1986, the clerk of this court sent Brown an order notifying him that under Court of Appeals Rules 14 and 27 (a), he had until no later than 4:30 p.m. on March 10 in which to file an enumeration of errors and supporting brief, and that failure to comply may result in the dismissal of the appeal. Brown failed to comply and on March 18 was sent a second such order extending his time for compliance until 4:30 p.m. on March 24. Defendant failed to file anything by the extended deadline.

1. "In criminal cases failure to comply with such an order may be cause for dismissal of the appeal." Court of Appeals Rule 14. Defendant, who from the record appears to be no stranger to the mechanisms

of the legal system or the English language, filed motions on his behalf with the trial court, filed his notice of appeal in this court and then did nothing further even though this court's two discretionary sua sponte extension orders informed him in no uncertain terms what was needed to pursue the appeal and of the leniently expanded time frame for compliance.

There is no evidence whatsoever that Brown pro se is asserting any error of counsel in perfecting this appeal which might mandate this court to examine the merits of the appeal under *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821) (1985). A criminal defendant by his own conduct can forfeit his appeal and a review of his conviction on the merits. *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976). See also this writer's dissenting opinion in *DeBroux v. State*, 176 Ga. App. 81, 82 (335 SE2d 170) (1985). Under the circumstances of this case, Brown has done precisely that or has abandoned the appeal.

2. Inasmuch as Brown has failed to provide this court any enumeration of errors, we are unable to discern with any certainty the boundaries of his complaint. It appears from his filings in the trial court that his primary contention is the excessiveness of the imposed sentences. Though we properly dismiss the appeal, we have studied the submitted record and find that the sentences imposed upon the defendant were within that permitted by statute, OCGA § 16-8-40 (b), and did not in length or severity run afoul of either the state or federal constitution.

This court is not the appropriate forum for review of legal error in a sentence which is within the limits provided under the law. "Any question as to excessiveness of a sentence which is within legal limits should be addressed to the sentence review panel, as provided in [OCGA § 17-10-6.]" *Tommie v. State*, 158 Ga. App. 216, 217 (1) (279 SE2d 510) (1981). Accord *Smith v. State*, 160 Ga. App. 26, 29 (5, 6) (285 SE2d 749) (1981); *Garland v. State*, 160 Ga. App. 97, 99 (4) (286 SE2d 330) (1981); *Richards v. State*, 160 Ga. App. 489, 490 (287 SE2d 394) (1981); *McCoy v. State*, 160 Ga. App. 862 (3) (288 SE2d 577) (1982); *Miller v. State*, 162 Ga. App. 730, 735 (8) (292 SE2d 102) (1982); *Moore v. State*, 171 Ga. App. 911, 912 (3) (321 SE2d 413) (1984).

*Appeal dismissed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 22, 1986.

Robert Lee Brown, *pro se.*
Sam B. Sibley, Jr., *District Attorney*, for appellee.