73274. CUNNINGHAM v. THE STATE.
(355 SE2d 762)

BENHAM, Judge.

Appellant was convicted of robbery after a bench trial. Judgment was entered against him on April 24, 1984. On appeal from the denial of his motion for new trial, he raises the general grounds. We affirm.

1. The following testimony was adduced at trial: At approximately 3:30 on the morning of February 12, 1984, the victim, Mr. Tuten, was walking home on North Highland Avenue near Greenwood Avenue in Atlanta, when he was suddenly approached by appellant, who demanded his wallet. The victim attempted to run away, but appellant caught up with him, hit him in the mouth, and took his wallet out of his back pants pocket while the victim was lying on the ground. The wallet contained the victim's identification, 2 credit cards, and about $65 in cash. The victim reported the crime to police and recalled describing his assailant as being a 6'2" male, of tall and slender build. About 36 hours after the incident, a police detective contacted the victim and several days later that detective brought a photo array of men for the victim to examine. The victim selected appellant's picture from those in the array. A few days after making the initial identification, the victim had his property returned to him, except for the cash. At trial, the victim identified appellant in court as being his assailant.

A Fulton County deputy sheriff, who was working at a second job at the First Baptist Church of Atlanta, apprehended appellant on the

evening of February 12, 1984 after appellant fled from the officer who had attempted to question him. A gun was found on the street down which he had been seen running, and he was arrested for carrying a concealed weapon. While the chase was taking place, the sergeant on the security staff found a wallet and some papers in the middle of one of the streets on which appellant had just been seen. The items belonged to the victim.

Appellant testified that he was 6' tall and that he had never been at Greenwood and Highland Avenues, that he did not rob the victim, and that the reason he ran away from the deputy sheriff was because appellant did not have identification with him, and had just gotten out of jail on bond and had no money. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of robbery. OCGA § 16-8-40; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 157 Ga. App. 473 (1) (278 SE2d 31) (1981).

2. The dissent contends that appellant's appeal should have been dismissed for failing to file a timely appeal. Appellant first filed his motion for new trial on July 10, 1984. The motion was unsigned and needed to be amended by signing to bring it properly before the trial court. Cf. OCGA § 9-11-7 (b); § 9-11-11; *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556 (1) (332 SE2d 46) (1985). Although no amendment appears in the record, we assume that the trial court's order of May 28, 1986 was signed after amendment was made since the order states that the amended motion was taken under advisement and overruled. We also presume, as we are bound to do in the absence of a showing to the contrary, that the trial court acted lawfully in doing what it did (*Walker v. State*, 163 Ga. App. 684 (294 SE2d 717) (1982)), rather than presuming, as the dissent does, that the trial court acted inadvertently in entering an entirely new order two years after the original motion for new trial was filed.

Appellant's notice of appeal was filed on June 27, 1986, within 30 days of the May 28 order denying appellant's motion for new trial, and refers to both the original 1984 judgment of conviction and the 1986 denial of the motion for new trial. Our reading of the notice leads us to conclude that it clearly intends to be an appeal from the 1986 order. The notice, when viewed in such a light, is timely. We therefore considered the appeal on its merits, in keeping with the spirit of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 84 LE2d 841) (1985) and our policy of deciding cases on the merits whenever possible.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Sognier and Pope, JJ., concur. McMurray, P. J., concurs in the judgment only. Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Applying the rules of procedure, I am of the opinion that the appeal must be dismissed.

Defendant was convicted in a bench trial of robbery and sentenced April 24, 1984. Apparently by trial counsel but unsigned by anyone, an out-of-time motion for new trial was filed on July 10. The time for filing this motion could not be extended, OCGA § 5-6-39 (b), so it had to be deemed an extraordinary motion for new trial. OCGA §§ 5-5-40 and 41; *Dyal v. State*, 121 Ga. App. 50 (1) (172 SE2d 326) (1970). The motion was denied by order filed July 27. No appeal was taken.

Nearly a year later, in April 1985, Cunningham himself wrote to the clerk requesting a free copy of the case papers.

The next thing in the record is an order filed May 28, 1986, denying defendant's "Amended Motion for New Trial," but there is no such motion.[1] The order was apparently inadvertent, as there already had been a ruling on the motion, almost two years earlier. "The motion (for new trial) may be amended any time *on or before* the ruling thereon." OCGA § 5-5-40 (b). (Emphasis supplied.) Appeal was then attempted on the thirtieth day after the 1986 order; it states that it is from the judgment of April 1984, and it was filed by the original trial counsel, who represents appellant on appeal.

Although we may grant an extension of time for the filing of a notice of appeal even without motion, it can only extend the time thirty days beyond the original due date. OCGA § 5-6-39 (a) (1), (c) and (d). That was at most September 1984.

There is no jurisdiction to entertain the appeal. *Knox v. State*, 180 Ga. App. 564 (349 SE2d 753) (1986); *Westerfield v. State*, 169 Ga. App. 510 (313 SE2d 768) (1984).

I am authorized to state that Judge Carley joins in this dissent.

DECIDED MARCH 19, 1987.

*Christine A. Van Dross*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.

---

[1] Contrary to the majority's assumption, there is no indication in the record that the court was waiting for the July 10, 1984, motion to be signed by amendment or otherwise, or that this was done.