74244. CONYERS v. THE STATE.
(359 SE2d 454)

Pope, Judge.

This appeal was docketed on December 24, 1986. Defendant's brief and enumeration of errors were due on January 13, 1987. No filing of the brief and enumeration of errors having been made, and no extension of such filing having been requested or granted, on January 20, 1987 this court ordered defendant to make the requisite filing by January 26, 1987. No filing has yet been made. *Held*:

1. Notwithstanding the pro se defendant's failure to comply with the rules and an order of this court, we decline to dismiss his appeal but, instead, will make every effort to render a decision on the merits of the case. Such a procedure comports with the holding in the whole court case of *DeBroux v. State*, 176 Ga. App. 81 (1) (335 SE2d 170) (1985), citing *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), as disapproving of the dismissal of a criminal defendant's first appeal as of right. See also *Johnson v. State*, 182 Ga. App. 477 (1) (356 SE2d 101) (1987); *Cunningham v. State*, 182 Ga. App. 266 (2) (355 SE2d 762) (1987). The holding in the later panel case of *Brown v. State*, 179 Ga. App. 182 (1) (345 SE2d 901) (1986), is inconsistent with the holding in *DeBroux* and is therefore overruled.

2. We have reviewed the record on appeal and find no error.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Carley, Sognier, and Benham, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., dissent.*

Deen, Presiding Judge, dissenting.

The order of January 20, 1987, clearly warned the appellant that failure to file the brief and enumeration of errors may result in the dismissal of the appeal. Because the appellant did not file any brief or enumeration of errors as ordered, this appeal may be dismissed, pursuant to Rule 14 of the Rules of the Court of Appeals.

An appellant in a criminal case may forfeit or abandon the appeal by failing to comply with the rules of appellate procedure and, in particular, an order of this court. See *State v. Denson*, 236 Ga. 239 (223 SE2d 640) (1976). Under circumstances almost identical to the instant case, this court has dismissed an appeal in a criminal case. *Brown v. State*, 179 Ga. App. 182 (345 SE2d 901) (1986); but compare *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985), wherein this court noted that dismissal is not automatic. As in *Brown*, I be-

lieve that this appeal should be dismissed.

I must respectfully dissent. I am authorized to state that Presiding Judge Banke and Judge Beasley join in this dissent.

BANKE, Presiding Judge, dissenting.

I concur fully with Presiding Judge Deen's dissent. This case is distinguished from *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 82) (1985), and from *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985), by the fact that a dismissal of the appeal will not result in any violation of the appellant's constitutional right to the assistance of counsel on appeal. Unlike the defendant in *Evitts*, the appellant in the present case is representing himself; and unlike the defendant in *DeBroux*, he has made no assertion nor taken any action which would suggest that his failure to employ counsel resulted from indigency or from any other disability. Under the circumstances, I can conceive of no reason why his failure to comply with the order of this court directing him to file a brief and enumeration of errors and warning him of the possible consequences of failing to do so should not be considered ground for dismissal of the appeal pursuant to Rule 14 of this court.

I am authorized to state that Presiding Judge Deen joins in this dissent.

BEASLEY, Judge, dissenting.

Even given the discretionary nature of the dismissal of criminal appeals under Court of Appeals Rule 14, I fully concur with Presiding Judge Deen because the facts of the case totally warrant, if not demand, it.

Appellant had employed counsel at trial. During the sentencing phase, the trial court advised defendant regarding the procedure for an appeal bond, the right to appeal, the right to an attorney for an indigent on appeal, and the right to sentence review.

Trial counsel moved for an appeal bond and for new trial. A bond was immediately set, and appellant apparently made it. Some months thereafter, counsel was permitted to withdraw based on his motion to the effect that he was getting no response from defendant and that he had not been paid for trial nor for any appellate work.

In setting the hearing on the motion for new trial, the court advised defendant of the procedure for obtaining a court-appointed attorney for the motion and appeal, if he was indigent and did not wish to represent himself. No application was made, and subsequently the motion for new trial was denied.

Appellant chose to represent himself before this Court but has neglected or refused to pursue the appeal. Not only has he failed to comply with the rules for bringing the merits before us, but he has

ignored our sua sponte order granting an extension of time to comply.

No reason being given nor appearing why this Court should itself undertake a review of the proceedings below, the appeal should be dismissed. *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985) does not construe the United States Constitution as requiring state appellate courts to search the record in criminal cases for reversible error upon the mere filing of a notice of appeal. Nor is it a wise policy to adopt. It casts the role of appellant's advocate upon the Court itself. It increases the Court's workload with frivolous appeals. It unnecessarily delays the finality of judgments in criminal cases. It penalizes the Rules-abiding appellants who receive a review only of the errors they enumerate.

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED JULY 8, 1987.

Willie Conyers, *pro se.*
*Dupont K. Cheney, District Attorney*, for appellee.