A93A1401. WHITTLE v. THE STATE.
(437 SE2d 842)

JOHNSON, Judge.

Henry J. Whittle, Jr., pleaded guilty to a misdemeanor speeding charge and was ordered to pay a fine. He timely filed a pro se notice of appeal. The notice alleges that the trial court erred in refusing to accept Whittle's proffer of a nolo contendere plea. The appeal was docketed in this court on March 31, 1993. No enumeration of error or brief was filed within 20 days after docketing, but this court granted an extension for filing until April 30, 1993 upon Whittle's motion. Then, on May 10, we denied Whittle's second motion for a further extension which he requested due to an unspecified "family emergency." Nevertheless, on May 24, 1993, this court entered a final order extending the time for filing enumerations of error and a brief until June 1, 1993 and warned Whittle that failure to comply "may" result in the dismissal of his appeal. These exceptional procedures are routinely followed in criminal cases. Whittle failed to file enumerations of error or a brief in accordance with the terms of the May 24 order. The entire record in the case consists of the notice of appeal, the traffic citation upon which the guilty plea was entered and an executed waiver of jury form.

Despite the paucity of the record, we could, as we have in the past, make every effort to render a decision in the case. We decline to do so, however, and instead take this opportunity to reexamine the rule stated in *Lee v. State*, 203 Ga. App. 487, 488 (1) (417 SE2d 426) (1992): "[o]nce this court's jurisdiction has been invoked by a timely filed notice of appeal from a criminal conviction, we will not dismiss for the subsequent failure to comply with the rules of this court, but will make every effort to render a decision on the merits of the case." See also *Sarver v. State*, 206 Ga. App. 459 (426 SE2d 48) (1992).

The purpose of the rule, to possibly avoid a later habeas corpus challenge based on insufficiency of evidence, is laudatory. Nonetheless, we have two concerns about the rule, both of which have been suggested in previous dissents. First, we believe it is inconsistent and fundamentally unfair for us to follow Court of Appeals Rule 15 (c) (2) in some cases and deem abandoned any enumeration of error which is not supported by citation of authority or argument, and yet in other cases provide enumerations of error which have not even been articulated, and support them with authority. This practice works to the disadvantage of the appellant who attempts to make his own case and is penalized for being unfamiliar with the rules of this court, and re-

wards the nonfeasance of the appellant who does nothing at all with having this court comb the record for error on his behalf. See *Lee v. State*, supra.

Our second concern is that "creating" an appeal for the appellant who has failed to file enumerations of error or a brief casts this court into the role of advocate. The awkwardness and inappropriateness of this role has been suggested by Judge Beasley in her dissent in *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987), and again in *Sarver*, supra.[1]

Whittle elected to undertake his own appeal, therefore neither the spirit nor the letter of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), is violated by our actions in declining to consider his appeal.[2] We hold that when an appellant elects to pursue his own appeal, and fails to file enumerations of error or a brief after having been ordered to do so by this court, the appeal will be dismissed. Our decisions in *Sarver v. State*, supra; *Lee v. State*, supra; *Conyers v. State*, supra; *DeBroux v. State*, supra; and *Allen v. State*, supra; are expressly overruled to the extent they conflict with this holding.

*Appeal dismissed. Birdsong, P. J., Beasley, P. J., Andrews and Smith, JJ., concur. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., dissent.*

POPE, Chief Judge, dissenting.

For a number of years, it has been the policy of this court to decide criminal appeals on the merits, even if the defendant fails to file a brief and enumerations of error. See, e.g., *Sarver v. State*, 206 Ga. App. 459 (426 SE2d 48) (1992). This policy does not require us to "comb" the record for errors as an advocate would, as suggested by Presiding Judge Beasley in her dissent in *Conyers v. State*, 183 Ga. App. 591, 592-593 (359 SE2d 454) (1987) and her special concurrence in *Sarver*, 206 Ga. App. at 460-461. Rather, it requires a brief review of the record to ensure that no clear and grave injustice has occurred. In at least nine out of ten cases, this review will result in a summary affirmance of the conviction. But in a small minority of cases, there will be a fairly obvious error requiring reversal of a conviction. See *Sarver*, 206 Ga. App. at 459. This practice does not unfairly work to the disadvantage of appellants who do file enumerations of error and are limited to those enumerations; while we have all refused to decide

---

[1] Other misgivings about the wisdom of the practice of "providing" an appeal in these circumstances have been articulated in dissents in *Allen v. State*, 192 Ga. App. 320 (385 SE2d 29) (1989); *Golden v. State*, 190 Ga. App. 477 (379 SE2d 230) (1989); *Conyers v. State*, supra; and *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985).

[2] For an excellent discussion of the obligations created under *Evitts v. Lucey*, supra, see Judge Andrews' dissent in *Lee*, supra, 203 Ga. App. 490 et seq.

issues not enumerated as error from time to time, I am confident that none of us do so when it would result in the affirmance of a clearly incorrect and unjust judgment. And it is those types of judgments this policy was meant to address.

Perhaps it is time to reconsider our position that criminal appeals should always be decided on the merits, regardless of whether a brief and enumerations of error have been filed. However, the majority opinion goes beyond overruling our current policy: it actually holds that criminal appeals "will be dismissed" if a pro se defendant does not comply with an order to file a brief and enumeration of error, thereby denying us the *discretion* to address the merits of such appeals under any circumstances. For the reasons expressed above, I do not believe that a brief review of the record is either an improper or an unwarranted use of our time, and in some cases this practice enables us to rectify a clear and grave injustice. I therefore suggest that if our current practice is to be changed, the new policy should be that such appeals *may* rather than *will* be dismissed without review on the merits. See Court of Appeals Rule 14; see also *Lee v. State*, 203 Ga. App. 487, 493 (417 SE2d 426) (1992) (Andrews, J., dissenting).

In this case, a brief review of the record reveals no reversible error. I would therefore affirm the judgment below.

I am authorized to state that Judge Cooper and Judge Blackburn join in this dissent.

McMURRAY, Presiding Judge, dissenting.

I must respectfully dissent as I am unable to agree with the majority's holding that *Lee v. State*, 203 Ga. App. 487, 488 (1) (417 SE2d 426) (1992) and *Sarver v. State*, 206 Ga. App. 459 (426 SE2d 48) (1992) should be overruled. In my view, there could be circumstances at some future time in which the principles enunciated in *Lee* and *Sarver* would be applicable.

DECIDED NOVEMBER 10, 1993.

Henry J. Whittle, Jr., *pro se.*
*S. Dabney Yarbrough*, for appellee.