## A94A0506. MITCHELL v. THE STATE.
### (447 SE2d 140)

McMURRAY, Presiding Judge.

This appeal presents the question of how this court should handle a criminal defendant's appeal when the defendant's attorney has failed to file a brief and enumerations of error despite being ordered to do so. In *Whittle v. State*, 210 Ga. App. 841 (437 SE2d 842) (1993), we ruled that we will not decide a case on the merits without a brief and enumerations of error. However, a majority of this court does not think the appeal should simply be dismissed without requiring the trial court to look into whether the defendant should be given another opportunity to appeal. Accordingly, the following order will be issued: "It appearing that defendant's counsel, notwithstanding having been ordered to file an enumeration of errors and brief in this appeal, has failed to do so, IT IS HEREBY ORDERED that this appeal be stricken from the docket of this Court without prejudice to defendant's right to file a direct appeal from his conviction; that the Superior Court of Fulton County, upon return of this case to that court, conduct a hearing at which counsel will be required to show cause why he should not be held in contempt of this Court for his failure to prosecute defendant's appeal; that the Superior Court of Fulton County report to this Court its findings with regard to counsel's failure to prosecute this appeal; and that the Superior Court of Fulton County inquire into defendant's need for appellate counsel and take such action as is appropriate. Following the receipt by this Court of the report of the Superior Court of Fulton County, and following such action as this Court deems appropriate at that time, the appeal may be redocketed in this Court."

The essential difference between the majority and dissent pertains to what happens to a case such as this case after it is removed from our docket — or more accurately, who has the burden of making it happen. Under the dissent's scenario, the defendant has the burden of acting, and it is most likely that nothing will happen. The defendant may or may not receive his copy of the dismissal, but probably will not realize he has the right to request an out-of-time appeal and/or new counsel. Thus, he will do nothing, and will have lost his oppor-

tunity to appeal solely because the attorney appointed to represent him did not perform his duty. Under the procedure adopted herein, on the other hand, the trial court must look into the situation even if the defendant does not act, to determine why the first attorney did not perform and whether the defendant needs new counsel.

*Appeal dismissed without prejudice and remanded with direction. Pope, C. J., Birdsong, P. J., Blackburn, J., and Senior Appellate Judge Harold R. Banke concur. Beasley, P. J., Andrews, Johnson and Smith, JJ., dissent.*

BEASLEY, Presiding Judge, dissenting.

Mitchell, who was represented at trial, was convicted of armed robbery (OCGA § 16-8-41) and burglary (OCGA § 16-7-1). This appeal was originally docketed in this court on September 1, 1993. On September 29, in accordance with Court of Appeals Rule 14 (a), appellant was ordered to file enumerations of error and brief no later than October 4. Appellant's trial counsel requested an extension of time. He advised that he had not been appointed to represent appellant beyond trial but had filed the notice of appeal to protect defendant's rights, that he was undergoing treatment for a serious illness, that the transcript had not been completed, and that a motion for new trial had been filed pro se. On October 19, counsel requested that the case be remanded for a determination on the motion for new trial and completion of the trial transcript. Accordingly, we remanded the case on November 9.

The trial court determined that no motion for new trial had been filed, the record was again transmitted to this court, and the appeal was redocketed on November 22. No action was taken by or on behalf of appellant, and on January 14, 1994, the court ordered enumerations of error and a brief to be filed no later than January 21. To date there is neither enumerations nor brief, and no correspondence.

In *Whittle v. State*, 210 Ga. App. 841 (437 SE2d 842) (1993), we re-examined the rule stated in *Lee v. State*, 203 Ga. App. 487, 488 (1) (417 SE2d 426) (1992), and we held that in a pro se case "when an appellant elects to pursue his own appeal, and fails to file enumerations of error or a brief after having been ordered to do so by this court, the appeal will be dismissed." *Whittle*, supra at 842. Since our decision in *Whittle*, we have not confronted the issue raised when appellate procedure is not followed in a case in which the appellant is represented.

"Under *Evitts v. Lucey*, [469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985),] the State may not cut off a defendant's access to the appeals system because his lawyer provided ineffective assistance by failing to follow mandatory appellate rules. However, *Evitts v. Lucey* clearly did not require that an appellate court ignore violation of its

procedures, and attempt to decide every case on the merits regardless of its posture before the court. 'If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights.' *Evitts v. Lucey*, supra at 399." *Lee*, supra at 491 (Andrews, J., dissenting). "As *Evitts v. Lucey* made clear in the context of a represented appellant, the task is not to necessarily decide every case on the merits, but to ensure that every criminal defendant is provided due process of law by having adequate and effective access to the state created appeals system." *Lee*, supra at 492.

*Lee* and its companion cases were overruled on this issue in *Whittle*, supra at 842. The procedure employed in those cases was not called for by *Evitts v. Lucey*, supra. *Lee*, supra at 489 (Beasley, J., dissenting). To assure that due process requirements are met, as referred to in *Evitts*, what must be provided is the opportunity for the direct appeal of right which is provided by statute in OCGA § 5-6-33 (a) (1). "Nothing in the State or Federal Constitution grants a defendant a right to appellate review. . . ." *Thomas v. State*, 260 Ga. 262, 263 (392 SE2d 520) (1990).

This is a court of review. 1983 Ga. Const., Art. VI, Sec. V, Par. III. Requests for review are initiated by parties, not by the court. If a party does not prosecute the appeal which he or she or it has instigated by filing a notice of appeal and causing the record to be transmitted to this court, there is no basis for us to do anything other than dismiss it for failure to follow the prescribed procedure in a timely fashion.

It is not our office, as a court of review of alleged error brought before it, to investigate the cause of the absence of alleged error. We do not do so, in other appeals which *are* pursued, with respect to why enumerations of error are not argued or supported by authority or why certain apparent errors are not enumerated. They are simply regarded as having been abandoned. See *Hardwick v. State*, 210 Ga. App. 468, 470 (8) (436 SE2d 676) (1993); *Talley v. State*, 200 Ga. App. 442, 443 (3) (408 SE2d 463) (1991); cases listed in *Lee v. State*, supra at 490 (Beasley, J., dissenting). Nor is there a due process requirement for the trial court to investigate either, absent an affirmative assertion by a would-be appellant. There is a mechanism for relief, to originate in the trial court, if the right of a criminal defendant to a direct appeal is unconstitutionally thwarted. By dismissing the appeal, we would not be affirming the judgment. Cf. *Taylor v. State*, 197 Ga. App. 678, 680 (2) (399 SE2d 213) (1990).

If the abandonment of the appeal is the result of counsel's negligence or ineffectiveness, then defendant pro se or current counsel or new counsel can move the trial court for an out-of-time appeal. Upon a showing, in a hearing if necessary, that the abandonment was not

attributable to defendant (*State v. Denson*, 236 Ga. 239 (223 SE2d 640) (1976)), and he or she wants to pursue appeal, then the trial court can simply permit it. In those proceedings the trial court will be informed of the facts and will be able to reprimand and sanction current counsel for the dismissal of the first appeal if fault lies with counsel. The trial court will also be able to appoint new counsel if defendant desires such and is entitled to it. The direct appeal can then proceed afresh, upon redocketing in this court.

If, on the other hand, defendant does not desire to pursue the appeal, the dismissal at this time would conclude the case, for failure to proceed. It is sufficient simply to dismiss the appeal, if the rules and the law governing appeals are not followed. See, e.g., Rule 27 and OCGA § 5-6-40. That would also be uniform with what Rule 26 (a) provides when cases are not prosecuted on the call of the case for argument.

Thus, in accordance with Court of Appeals Rule 14 (a), we should exercise our discretion both with respect to pro se and represented cases and dismiss the appeal if it is not pursued. To assure notice, a copy of the dismissal should be sent to appellant, as well as to counsel, with direction that counsel also send a copy to appellant.

To the extent that the following cases are inconsistent, they should be overruled: *Allen v. State*, 192 Ga. App. 320 (385 SE2d 29) (1989); *Sarver v. State*, 206 Ga. App. 459 (426 SE2d 48) (1992); *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987); and *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985).

I am authorized to state that Judge Andrews, Judge Johnson and Judge Smith join in this dissent.

DECIDED JULY 15, 1994.

*Mark W. Levine*, for appellant.
*Lewis R. Slaton, District Attorney, Suzanne Wynn, Assistant District Attorney*, for appellee.