A94A2601. REESE v. THE STATE.
A94A2751. CURTIS v. THE STATE.
(456 SE2d 271)

SMITH, Judge.

Jeannette Reese was convicted of obstruction of law enforcement officers, OCGA § 16-10-24. Demario Curtis was convicted of kidnapping, OCGA § 16-5-40, armed robbery, OCGA § 16-8-41, and aggravated assault, OCGA § 16-5-21. Because similar issues are raised, these two cases are consolidated on appeal.

Reese's appeal was docketed in this court on August 15, 1994. An extension of time in which to file enumerations of error and brief was denied on October 19, 1994. On October 27, 1994, Reese was directed by order of this court to file enumerations of error and brief no later than November 1, 1994. Curtis's appeal was docketed in this court on September 6, 1994. On October 18, 1994, Curtis was directed by order

of this court to file enumerations of error and brief no later than October 24, 1994. As of this date, appellants have failed either to file enumerations of error and brief or to communicate to this court in writing good and sufficient cause for failure to do so. Both appellants are represented by counsel on appeal.

Appellants have failed to file enumerations of error or a brief after having been ordered to do so, and their appeals are accordingly dismissed. In doing so, we are aware of *Mitchell v. State*, 214 Ga. App. 69 (447 SE2d 140) (1994). However, that decision inconsistently applies the law and rules of this court, places additional burdens on the trial court, and provides a superfluous procedure where remedies are already available. We believe *Mitchell* was wrongly decided and should be overruled, returning to an evenhanded application of Rule 26 and adopting the procedure outlined by the Georgia Supreme Court in *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995).

The remand for a hearing in *Mitchell* is provided only when an appellant is represented by counsel and fails to file any brief or enumeration of errors. As noted in *Rowland*, this practice creates significant inconsistencies in the enforcement of the rules of this court. Some appellants, but not others similarly situated, are excepted from the application of Rule 26 (a). Some appellants, but not others, receive an additional hearing. Appellants with an attorney who does nothing whatsoever are given greater latitude than those with an attorney who files an inadequate brief or fails to fulfill other requirements of the rules. Finally, *Mitchell* forces this court of review "to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error." *Rowland*, supra at 874 (1).

If this dismissal were a final termination of appellants' cases and no remedies were available to pursue their appeals, due process requirements would be implicated, and a procedure such as that outlined in *Mitchell* might be necessary. However, if counsel has abandoned these appeals without appellants' knowledge, they have several avenues remaining for relief, including application for an out-of-time appeal. See *Rowland*, supra at (2); see also *Mitchell*, supra at 71-72 (Beasley, P. J., dissenting). Therefore, the appeals will be dismissed.

While an out-of-time appeal may afford a remedy, it can be a *meaningful* remedy only if the defendant is aware of his right to an out-of-time appeal and how to exercise it. Because *Rowland* directs that the dismissal order notify the defendant of his rights, the language of that order will be crucial. It is vital that it be written in language readily understandable to a nonlawyer.

Therefore, in accordance with the procedure outlined in *Rowland*, copies of these dismissals informing appellants of their right to an out-of-time appeal should be sent to appellants, as well as to counsel with the direction that counsel forward an additional copy to ap-

pellants. The orders of dismissal shall contain the following language: "Your appeal has been DISMISSED because your attorney failed to file a brief and enumeration of errors. If you have decided you do not want to appeal, you need not do anything more. However, if you do still want to appeal, you may have the right to an OUT-OF-TIME APPEAL — but YOU MUST TAKE ACTION to exercise that right by moving for an out-of-time appeal in the trial court. If your motion for an out-of-time appeal is granted, the trial court should appoint another attorney for you if you want one and cannot pay for one. If your motion for an out-of-time appeal is denied, you may appeal that denial to this court within thirty (30) days of the trial court's decision."

*Appeals dismissed. Beasley, C. J., Birdsong, P. J., Andrews, Johnson and Ruffin, JJ., concur. Pope, P. J., and Blackburn, J., concur specially. McMurray, P. J., concurs in part and dissents in part.*

Pope, Presiding Judge, concurring specially.

I agree that these appeals should be dismissed pursuant to the procedure set forth in *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995) and that the language set forth at the end of the majority opinion should be incorporated in the form dismissal order. I write separately because I do not agree with the majority's criticisms of *Mitchell v. State*, 214 Ga. App. 69 (447 SE2d 140) (1994).

I concurred in the majority opinion in *Mitchell* because the procedure it set forth ensured the defendant's awareness of his right to an out-of-time appeal and how to exercise it, while the procedure set forth in the dissent did not. And I still do not see the problems with *Mitchell* that the majority sees. I now believe, however, that perhaps the procedure established in *Rowland* is the optimal compromise. On the one hand, it removes from the trial court the burden of ensuring the defendant knows his rights; but on the other, it does not simply assume, as the dissent in *Mitchell* did, that the defendant will be aware of his right to an out-of-time appeal or that the same attorney who failed to file a brief in his case will inform him of that right. In any case, it is the procedure we must now use.

I am authorized to state that Judge Blackburn joins in this special concurrence.

McMurray, Presiding Judge, concurring in part and dissenting in part.

I agree that pursuant to the procedure set forth in *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) the appeals in the cases sub judice should be dismissed. However, additionally, I must dissent as I do not agree that a compelling necessity exists for the overruling of the whole court case of *Mitchell v. State*, 214 Ga. App. 69 (447 SE2d

140), as the mandate of the Supreme Court of Georgia in *Rowland v. State,* supra, supersedes all other means, employed by the Court of Appeals of Georgia, of dealing with "represented" defendants in criminal cases where there has been a failure to file enumerations of error and brief after having been ordered to do so by this court. Moreover, I feel that the majority's criticism of *Mitchell v. State,* supra, is unwarranted in view of this court's good faith efforts to remedy a disturbing problem as discussed hereinafter in this dissent.

For the greater part of two decades this court has had to face the vexatious dilemma of which course to be taken to expeditiously handle the appeal of a represented defendant in a criminal case, after docketing in this court, whose counsel appears to abandon the defendant before the filing of an enumeration of errors and brief and after being ordered to do so by this court. In the early stages of an appeal, in a criminal case, this court has no means of knowing why counsel, either through act of God or otherwise, has failed to file an enumeration of errors and brief.

This court has no authority to appoint counsel for a defendant in a criminal case, that authority is reposed in the trial court upon a proper showing.

The genesis of *Mitchell v. State,* supra, was not brought about in a desire to overload the trial courts or to show preferential consideration to some appellants over others, but to do justice where the trusting defendant, represented by counsel, was left beached, high and dry. Alas, left to flounder in disorientation and in disbelief.

A careful scrutiny of *Mitchell v. State,* supra, will disclose that it actually authorized a procedure to be followed in ascertaining whether appellate counsel in a criminal case should be held in contempt of this court for failure to obey this court's order as well as fulfill the professional responsibility of representing the client. Moreover, the facilitation and expeditious determination of the merits of an appeal in a criminal case is the ultimate purpose and this cannot be accomplished in the absence of an enumeration of errors and brief on behalf of the appealing defendant.

The form order to be utilized by this court, as directed in *Mitchell v. State,* supra, emanated from this court's desire to adopt, in a published opinion, the similar direction given to the trial courts, under similar circumstances, by the Supreme Court of Georgia, in its orders issued in *Favors v. State,* S94A1234 (July 22, 1994); *Wright v. State,* S92A1504 (November 6, 1992); and *Mobley v. State,* S92A1116 (September 11, 1992).

I am concerned that the holding in the cases sub judice and the holding in *Whittle v. State,* 210 Ga. App. 841 (437 SE2d 842) may leave an unlevel playing field. So what about *Whittle*? In *Whittle v. State,* supra at 842, this court in a (5 to 4) whole court decision held

"that when an appellant elects to pursue his own appeal, and fails to file enumerations of error or a brief after having been ordered to do so by this Court, the appeal will be dismissed." Beyond the appeal being dismissed no further direction is given by this court under the authority of *Whittle.* All the "unrepresented" criminal defendant is told is "Appeal dismissed."

Why cannot the procedure outlined by the majority in the cases sub judice (represented criminal defendants) be utilized in those appeals involving the "unrepresented" criminal defendant who perhaps for one or more of a myriad of reasons either chose to represent himself or herself or did not understand that under certain conditions appellate counsel could be appointed?

DECIDED MARCH 17, 1995.

*Wallace D. Washington,* for Reese.
*Keith C. Martin, Solicitor,* for State.
Armed robbery, etc. Fulton Superior Court. Before Judge Gude (case no. A94A2751).
*Neville T. Francis,* for Curtis.
*Lewis R. Slaton, District Attorney,* for Fulton County.