A02A0475. DAVIS v. THE STATE.
(564 SE2d 825)

RUFFIN, Judge.

On March 1, 2001, James Phillip Davis, through counsel, filed a notice of appeal challenging his conviction for driving under the influence of alcohol. The following month, defense counsel moved to withdraw, and Davis executed a "Release of Counsel of Record," indicating that he would pursue his appeal pro se or hire different counsel. The trial court granted defense counsel's motion to withdraw on May 2, 2001.

We docketed this appeal on October 22, 2001. Davis failed to timely file his enumeration of errors and brief, and on January 14, 2002, we ordered him to file his appellate pleadings "no later than JANUARY 24, 2002." In that order, we noted that failure to comply with the Court's time requirements "may result in dismissal of the appeal." Davis subsequently requested an additional extension of time, stating that he had not yet hired new counsel and that he intended to seek counsel "or proceed on [his] own." On February 1, 2002, we extended the time for Davis to file his enumerations of error and brief until February 13, 2002.

Davis has not requested a further extension of time from the Court. And, despite our order to file his enumeration of errors and brief by February 13, 2002, he failed to do so. Furthermore, we have received no notice that Davis is represented by counsel in this appeal, leaving us to conclude that he is proceeding pro se. As we have held, "when an appellant elects to pursue his own appeal, and fails to file enumerations of error or a brief after having been ordered to do so by this court, the appeal will be dismissed."[1] Accordingly, we hereby dismiss Davis's appeal.

---

[1] *Whittle v. State*, 210 Ga. App. 841, 842 (437 SE2d 842) (1993); see also *Reese v. State*, 216 Ga. App. 773, 774 (456 SE2d 271) (1995) (dismissing appeals of represented defendants because defense counsel failed to file enumeration of errors or a brief, despite being ordered to do so).

At this point, it appears that Davis slept on his appellate rights by neglecting to retain appellate counsel and making no effort to file the necessary appellate pleadings himself. If, however, Davis timely hired new counsel and was "deprived of his right to appeal by his attorney's negligence or ignorance, or if he was not adequately informed of his appeal rights," he may be entitled to an out-of-time appeal.[2] As we routinely inform represented criminal defendants whose appeals have been dismissed for failure to file an enumeration of errors or briefs:

> [I]f you do still want to appeal, you may have the right to an OUT-OF-TIME APPEAL — but YOU MUST TAKE ACTION to exercise that right by moving for an out-of-time appeal in the trial court. If your motion for an out-of-time appeal is granted, the trial court should appoint another attorney for you if you want one and cannot pay for one. If your motion for an out-of-time appeal is denied, you may appeal that denial to this court within thirty (30) days of the trial court's decision.[3]

*Appeal dismissed. Pope, P. J., and Barnes, J., concur.*

DECIDED MAY 1, 2002.

James P. Davis, *pro se.*
Gerald N. Blaney, Jr., *Solicitor-General,* Stephen A. Fern, *Assistant Solicitor-General,* for appellee.

---

[2] (Punctuation omitted.) *Smith v. State,* 252 Ga. App. 472 (556 SE2d 527) (2001); see also *Rowland v. State,* 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) (order dismissing represented criminal defendant's appeal for procedural deficiencies should point out deficiencies and make defendant and counsel aware of the option of applying for an out-of-time appeal in the court of conviction); *Reese,* supra at 774-775 (same).

[3] (Punctuation omitted.) Id. at 775.