**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 2, 2022**

# In the Court of Appeals of Georgia

A22A0206. ROGERS v. THE STATE.

PINSON, Judge.

Curtis Lee Rogers tried to make payments with two fraudulent money orders and was later caught with a fraudulent check. He was convicted of three counts of forgery. He now appeals pro se and contends that (1) the State did not prove the essential elements of forgery because he did not use a fictitious name on either the money orders or the check; (2) the trial court erred by failing to instruct the jury that first-degree forgery requires using a fictitious name; (3) the prosecutor improperly referred to him as a "con man" during her closing argument; and (4) his counsel rendered constitutionally ineffective assistance by failing to object to the prosecutor's remark. Each contention fails. The State did not need to prove that Rogers used a fictitious name because that is not an essential element of first-degree forgery. For the

same reason, the trial court's jury instructions on the elements of forgery were not error. As for the prosecutor's "con man" remark, Rogers waived appellate review by failing to object at trial. And even assuming counsel was deficient for not objecting to that remark, Rogers cannot show that he was prejudiced by counsel's failure to object because the evidence against him was overwhelming.

## Background

In August 2014, Rogers tried to make two payments using fraudulent money orders that displayed the routing number of the Federal Reserve Bank of Atlanta. The recipients of the fraudulent payments grew suspicious and informed the police. When Rogers was arrested, he had in his possession a checkbook containing multiple checks, including one made out to Liberty National that purported to draw from an account at the Federal Reserve Bank of Atlanta. Rogers did not have an account at the Federal Reserve Bank of Atlanta, and he did not have authority to use its routing number. And the Bank does not distribute personal checks to individuals. Rogers was indicted on two counts of first-degree forgery (for the money orders) and one count of third-degree forgery (for the Liberty National check).

At trial, Rogers had counsel, but also acted as his own "co-counsel."[1] The defense rested without presenting evidence. During closing arguments, the prosecutor repeatedly referred to Rogers as a "con man" who had "tried to con a lot of people." Neither Rogers nor his counsel objected to these remarks. Rogers presented his own closing argument. He did not deny that he prepared and presented the money orders or the check, but he argued that doing so was not forgery because he used his own name and because he had a right as a citizen of the United States to "resolve [his] debt."

> The trial court instructed the jury as follows:
>
> A person commits the offense of Forgery in the First Degree when, with the intent to defraud, he or she knowingly makes or possesses any writing, other than a check, in such manner that the writing [as] made purports to have been made by authority of one who did not give such authority and utters or delivers such writing.

Neither Rogers nor his counsel objected to this instruction. Rogers was convicted of all counts, and he now appeals pro se.

---

[1] See *Hance v. Kemp*, 258 Ga. 649, 650 (1) (373 SE2d 184) (1988) ("although a defendant may not insist on acting as co-counsel, the trial court may . . . allow him to do so"); *Weldon v. State*, 247 Ga. App. 17, 22 (2) (a) (543 SE2d 56) (2000) (trial courts have discretion to allow criminal defendants to act as co-counsel at trial).

Discussion

1. Rogers contends that the State did not prove every essential element of first-degree forgery because it did not prove he used a fictitious name. We evaluate the sufficiency of evidence by determining whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict. *Johnson v. State*, 312 Ga. 481, 487 (2) (863 SE2d 137) (2021).

Here, Rogers' sufficiency claim fails because the use of a fictitious name is not an essential element of forgery in the first degree. That offense is defined as "knowingly mak[ing], alter[ing], or possess[ing] any writing, other than a check, in a fictitious name *or* in such manner that the writing as made . . . purports to have been made . . . by authority of one who did not give such authority and utters or delivers such writing." OCGA § 16-9-1 (b) (emphasis added). Here, the fraudulent orders used the Bank's routing number , and a Bank employee testified that Rogers had no authority to use the Bank's routing number. That evidence authorized a conviction for first-degree forgery based on Rogers' possession and delivery of fraudulent money orders that "purport[ed] to have been made . . . by authority of" the Federal

4

Reserve Bank of Atlanta without the Bank having "give[n] such authority." See OCGA § 16-9-1 (b).

2. Rogers contends that the trial court's jury instruction on first-degree forgery was error because it did not specify that the jury must find that he used a fictitious name to convict on that charge. We review that instruction for plain error because Rogers did not object to it below, see *Vasquez v. State*, 306 Ga. 216, 225 (2) (830 SE2d 143) (2019), and we find no such error. Again, the use of a fictitious name is not an essential element of first-degree forgery, and the trial court's instruction on the first-degree forgery charge closely tracked the relevant statutory language. See OCGA § 16-9-1 (b). .

3. Rogers contends that the prosecutor acted improperly by referring to him as a "con man" during her closing argument. Neither Rogers nor his counsel objected to the closing argument at trial, so he has waived appellate review of the argument. See *Walker v. State*, 312 Ga. 232, 236-37 (2) (862 SE2d 285) (2021) (defendant waived appellate review of prosecutor's closing argument when he failed to object at trial); *Kendricks v. State*, 359 Ga. App. 133, 137 (2) (855 SE2d 652) (2021) (same).

4. Finally, Rogers contends that his counsel was ineffective for failing to object when the prosecutor referred to him as a "con man" during her closing argument.

5

Rogers may not raise this claim because he acted as his own co-counsel at trial. "[W]hen a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel." *Mullins v. Lavoie*, 249 Ga. 411, 412 (290 SE2d 471) (1982); see *Madison v. State*, 329 Ga. App. 856, 868-69 (5) (766 SE2d 206) (2014) (declining to consider claim of ineffective assistance where defendant acted as co-counsel with his retained attorney before and during his trial). Cf. *Hance*, 259 Ga. at 650 (1) (defendant who acted as his own co-counsel could assert claim of ineffective assistance where counsel and trial court had told defendant he was not waiving such a claim by acting as his own co-counsel, and where the claim related to the performance of counsel before defendant elected to act as his own co-counsel).

Even if Rogers could assert an ineffectiveness claim, the claim would fail. To prevail on a claim of ineffective assistance, a defendant must show not only that counsel's performance was deficient but also that the deficient performance prejudiced the defense. *Stafford v. State*, 312 Ga. 811, 819 (3) (a) (865 SE2d 116) (2021)(citing *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80

LEd2d 674) (1984). Put simply, Rogers could not establish prejudice given the clear evidence of his guilt. See, e. g., *Walker*, 312 Ga. at 242 (4) (c) (iv) (concluding that the defendant could not show prejudice when counsel failed to object during prosecutor's closing argument, in light of "all the evidence presented" and the "isolated nature" of the remark).

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*